**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GLD PARTNERS, L.P., and GLD SPONSOR MEMBER LLC, | ) ) | No. _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAGALIAM ACQUISITION CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>COMPLAINT</u>**

Plaintiffs GLD Partners, L.P. ("GLD Partners") and GLD Sponsor Member LLC ("GLD Sponsor"), for their Complaint, state as follow:

**<u>NATURE OF THE ACTION</u>**

1.     This action arises out of the conduct of defendant Sagaliam Acquisition Corp ("Sagaliam") that constitutes clear violations of Section 14(a) of the Securities Exchange Act (the "Act") and Rule 14a-9 promulgated thereunder, as well as substantial breaches of Sagaliam's fiduciary duty to its shareholders, including GLD Sponsor and GLD Partners. Sagaliam has convened a special meeting of the shareholders for November 21, 2023 and in connection therewith has issued a final Form 14A Proxy Statement dated October 20, 2023 (the "October 20 Proxy Statement").[1]    Inexplicably, even though both GLD Sponsor and GLD Partners are shareholders of Sagaliam, Sagaliam never mailed the October 20 Proxy Statement to those two parties, and GLD Sponsor and GLD Partners learned about the special meeting only because another shareholder reached out to them to ask about what was going on.    When

---

[1] A true and correct copy of the October 20 proxy Statement is annexed hereto as Exhibit A.

reviewing the October 20 Proxy Statement that was available on EDGAR, GLD Sponsor and GLD Partners discovered that: (i) the October 20 Proxy Statement is rife with false and misleading statements and omissions, (ii) Sagaliam was attempting to extend the deadline date under Sagaliam's Amended and Restated Certificate of Incorporation (the "Amended and Restated Certificate") for a business combination even though that deadline date had already expired on August 23, 2023 and could not be revived; and (iii) Sagaliam had invalidly issued Sagaliam shares to Enzolytics Inc ("Enzolytics") and Enzolytics principals (collectively, the "Enzolytics Shareholders") apparently for no consideration and in spite of the fact that the Enzolytics Shareholders had no right to receive any shares of Sagaliam unless and until a transaction between Sagaliam and Enzolytics closed.  GLD Sponsor and GLD Partners further learned that Sagaliam's proposed transaction with Enzolytics was a related party transaction, as (based on information provided by Sagaliam's CEO) two of Sagaliam's directors and the co-trustee of the owner of the Sagaliam sponsor each own shares in Enzolytics.  GLD Sponsor and GLD Partners came to the conclusion that Sagaliam had decided to rig an improperly called shareholders meeting to approve a further extension of the deadline date by giving a super majority of shares to the Enzolytics Shareholders apparently without consideration for the purpose of both (i) overriding the ability of Sagaliam shareholders to reject the extension of the deadline date and (ii) proceeding with a transaction that would personally benefit Sagaliam's sponsor and members of the board of directors.  Consequently, GLD Sponsor and GLD Partners bring this action to put a halt to this scheme of misconduct and to the trampling  on the rights of the Sagaliam shareholders, including GLD Sponsor and GLD Partners.

2.      GLD Sponsor and GLD Partners seek relief because the October 20 Proxy Statement issued by Sagaliam contains false and misleading statements and omissions that violate Section 14(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder.  The October

20 Proxy Statement contains false and misleading information about the entitlement of Sagaliam to request the shareholders to vote to extend the deadline date for a business combination and false and misleading information and omissions regarding the issuance of shares to the Enzolytic Shareholders.  Accordingly, GLD Sponsor and GLD Partners seek a declaratory judgment and injunctive relief with respect to the proxy statement and Sagaliam's ability to proceed with a special shareholders meeting unless and until the false and misleading statements and omissions in the proxy statement are cured.

3.       In addition, pursuant to 28 U.S.C. § 2201, GLD Sponsor and GLD Partners seek declaratory judgments and a temporary restraining order, preliminary and permanent injunction with respect to Sagaliam's breaches of fiduciary duty arising from Sagaliam's false and misleading disclosures, invalid attempt to extend the deadline date for a business combination and invalid issuance of shares in Sagaliam to the Enzolytic Shareholders.

## PARTIES, JURISDICTION, CHOICE OF LAW AND VENUE

4.       Plaintiff GLD Sponsor is a Delaware limited liability company, with its principal place of business in

5.       Plaintiff GLD Partners is a Delaware limited partnership, with its principal place of business in

6.       Defendant Sagaliam is a Delaware corporation and a special purpose acquisition company.  Upon information and belief, Sagaliam's principal place of business address is Cape Coral, Florida 33909.

7.       This Court has personal jurisdiction over Sagaliam because Sagaliam is a Delaware corporation.  Further, in its Amended and Restated Certificate, Sagaliam has consented to the jurisdiction of the state and federal courts in Delaware.

8.     Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction because this action arises under the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C.A. § 78aa, *et seq.*  This Court has supplemental jurisdiction over the related claims for relief under Delaware law.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because the parties are residents of the State of Delaware and because Sagaliam's Amended and Restated Certificate require all actions against it to be filed in the State of Delaware.

## BACKGROUND FACTS

A.     **Sagaliam's Formation and the Initial Public Offering**

10.     Sagaliam was incorporated on March 31, 2021 for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization or similar business combination with one or more businesses or entities.

11.     On December 23, 2021, Sagaliam consummated its initial public offering of 11,500,000 units.

12.      Each unit ("Unit") consists of one share of Class A common stock of Sagaliam, par value $0.0001 per share, and one right, with each right entitling the holder thereof to receive one-eighth (1/8) of one share of Class A Common Stock upon consummation of Sagaliam's initial business combination.

13.     The Units were sold at a price of $10.00 per Unit, generating gross proceeds to the Company of $115,000,000.

14.     Following the closing of the initial public offering on December 23, 2021, an amount of $10.10 per Unit or an aggregate of $116,150,000 was placed in a trust account, (the "Trust Account").

15.     Sagaliam Sponsor, LLC (the "Sponsor") acted as the Sponsor in connection with Sagaliam's formation and initial public offering.

16.     In its role as sponsor, the Sponsor subscribed for 2,675,000 shares of Class B common stock of Sagaliam and 400,000 units.

**B.      The Amended and Restated Certificate of Incorporation**

17.     On December 27, 2021, Sagaliam filed its Amended and Restated Certificate with the Secretary of State of Delaware.[2]   The Amended and Restated Certificate included the following terms:

(a)  There must be an affirmative vote of at least 65 percent of the holders of all then outstanding shares of Common Stock to further amend the Amended and Restated Certificate.

(b)  Sagaliam must redeem 100% of the shares sold in the IPO – using funds held in the Trust Account – if Sagaliam is unable to complete its initial Business Combination within 12 months from the closing of the IPO or such later date as further approved by a subsequent amendment to the Amended and Restated Certificate, which the Amended and Restated Certificate defines as the "Deadline Date".

(c)  In the event that Sagaliam "has not consummated an initial Business Combination by the Deadline Date, [Sagaliam] shall (i) cease all operations except for the purpose of winding up, (ii) as promptly as reasonably possible but not more than ten business days thereafter subject to lawfully available funds therefor, redeem 100% of the Offering Shares in consideration of a per-

---

[2] A true and correct copy of the Amended and Restated Certificate is annexed hereto as Exhibit B.

share price, payable in cash, equal to the quotient obtained by dividing (A) the aggregate amount then on deposit in the Trust Account, including interest not previously released to the Corporation to pay its taxes (less up to $150,000 of such net interest to pay dissolution expenses), by (B) the total number of then outstanding Offering Shares, which redemption will completely extinguish rights of the Public Stockholders (including the right to receive further liquidating distributions, if any), subject to applicable law, and (iii) as promptly as reasonably possible following such redemption, subject to the approval of the remaining stockholders and the Board in accordance with applicable law, dissolve and liquidate, subject in the case of clauses (ii) and (iii) to the Corporation's obligations under the DGCL to provide for claims of creditors and other requirements of applicable law".

**C.**   **The Initial Business Combination Agreement and Amendment of the Certificate**

18.   On November 16, 2022, Sagaliam and Allenby Montefiore Limited entered into a Business Combination Agreement (the "Allenby BCA").

19.   Due to the close proximity of the date of the Allenby BCA to the initial Deadline Date, Sagaliam submitted to its shareholders proposed amendment to the Amended and Restated Certificate to extend the Deadline Date up to ten monthly extensions through October 23, 2023 to permit the parties to consummate the Allenby BCA ("Extension Proposal").

20.   Sagaliam stated the following about the Extension Proposal:

The charter amendment provides Sagaliam with the option to extend the date by which it must complete its initial business combination from the Original Deadline Date by up to ten successive one-month periods up to an Extended Deadline Date by the Sponsor depositing the lesser of (x) $120,000 or (y) $0.06 per share for each public share of Sagaliam that is not  redeemed in connection with our special meeting held on December 22, 2022 for each one-month

extension after December 23, 2022 into the trust account at each extension election.

21.     The Extension Proposal would become effective only upon approval by 65 percent of Sagaliam's shareholders.

22.     On December 22, 2022, at a special meeting of shareholders, the shareholders approved the Extension Proposal.  Accordingly, effective as of December 22, 2022, Section 9.1(b) of the Amended and Restated Certificate was replaced with the language of the Extension Proposal.[3]

23.     Sagaliam filed a Form 8-K with the United States Securities and Exchange Commission (the "SEC") on December 23, 2022, disclosing the approval of the First Amendment to the Amended and Restated Certificate of Incorporation (*i.e.*, adoption of the Extension Proposal authorizing monthly extensions of Deadline Date up to October 23, 2023), provided that on or prior to the 23rd of each such month Sagaliam deposited $57,380.22 into the Trust Account.

24.     In connection with the adoption of the Extension Proposal, shareholders redeemed 10,543,663 shares of Class A Common Stock in Sagaliam for cash that was released from the Trust Account.

25.     The total Class A shares remaining after said redemption were 956,337.

26.     The net trust balance after said redemption was $9,765,776.29.

**D.     GLD Sponsor Sells Its Interests in Sponsor to BN Holdings Trust**

27.     Prior to June 26, 2023, GLD Sponsor was the sole member of Sagaliam's Sponsor.

---

[3]A true and correct copy of the First Amendment to the Amended and Restated Certificate of Incorporation is annexed hereto as Exhibit C.

28.     On June 26, 2023, GLD Sponsor sold its interests in the Sponsor to BN Trust Holdings LLC, a Nevada Trust ("BN Holdings").

29.     In connection with its sale of its interests in the Sponsor, GLD Sponsor received, among other things: (a) a promissory note from BN Holdings in the amount of $990,000 (the "Note") and (b) 613,000 shares of Class A common stock in Sagaliam and 400,000 Units.

30.     GLD Sponsor subsequently transferred the 400,000 Units to GLD Partners, which Units entitle GLD Partners to 400,000 Class A shares and the opportunity to receive 50,000 Class shares of Sagaliam upon the closing of a business combination.

31.     On May 9, 2023, Sagaliam filed a Form 8-K disclosing the appointment of Krystine Miller, Ronnie Richardson and Travis Richardson to the Board of Directors.[4]  Sagaliam never made any disclosures to shareholders regarding the biographical background of any of those three individuals, their independence or their affiliation with BN Holdings.   On information and belief, Ronnie and Travis Richardson are each related to Kathleen Richardson, one of the co-trustees of BN Holdings.

**E.     Sagaliam Fails to Pay the Monthly Extension Fees, and the Extension Period Expires**

32.     In accordance with the monthly extension option for the Deadline Date in Section 9.1(b) of the Amended and Restricted Certificate, Sagaliam paid the monthly fee and extended the Deadline Date for 30 days at a time on each of February 23, 2023, March 23, 2023, April 23, 2023, May 23, 2023, June 23, 2023 and July 23, 2023, as reflected by the Form 8-K that Sagaliam filed with respect to each such extension (the last of which was filed on August 8, 2023).

---

[4] A true and correct copy of the schedule maintained by the SEC on EDGAR of all filings that Sagaliam made in 2023 is annexed hereto as Exhibit D.

33.     On information and belief, Sagaliam did not make the monthly payment required to extend the Deadline Date beyond August 23, 2023.  Consequently, Sagaliam failed to exercise the extension rights pursuant to Section 9.1(b) of the Amended and Restated Certificate prior to August 23, 2023.

34.     Sagaliam did not file any Form 8-K disclosing that it extended the Deadline Date beyond August 23, 2023.

35.     As of August 23, 2023, Sagaliam had not completed a business combination.  As a result, on August 24, 2023, the Deadline Date lapsed.

36.     Because the Deadline Date had not been extended and a business combination had not been completed by August 23, 2023, Sagaliam was required to cease all operations and was required to wind up its affairs in accordance with Sections 4.3(d), 9.1(b) and 9.2(d) of the Amended and Restated Certificate.

37.     Sagaliam has no authority to obtain or otherwise seek a further extension of the Deadline Date because the Deadline Date expired due to the failure to exercise any extension rights after July 23, 2023 under Section 9.1(b).  The Amended and Restated Certificate did not authorize revival of the Deadline Date once it had lapsed.

38.     Sagaliam is therefore barred from calling a Special Meeting to seek a vote to authorize a further extension of the Deadline Date.

F.     **The Business Combination Agreement with Enzolytics**

39.     Despite the August 23, 2023 expiration of the Deadline Date and the consequential obligation to liquidate and wind up Sagaliam's affairs, on September 15, 2023, Sagaliam filed a Form 8-K disclosing that Sagaliam and Enzolytics had entered into a Business

Combination Agreement dated September 15, 2023 (the "Enzolytics Business Combination Agreement").[5]

40.     On information and belief, as of September 15, 2023, BN Holdings (the owner of the sponsor), Kathleen Richardson and Kelli D. Austin (another co-trustee of BN Holdings) -- or their affiliates -- each own a material amount of the shares of Enzolytics.

41.     In its September 15 Form 8-K, Sagaliam did not disclose that the Enzolytics Business Combination Agreement is a related party transaction.

**G.      The Issuance of Sagaliam Shares to Enzolytics**

42.     As a result of the initial extension of the Deadline Date, a significant number of shares by the Sagaliam shareholders who had elected to redeem their shares in accordance with Section 9.1(b) of the Amended and Restated Certificate, as of September 15, 2023, the total number of Sagaliam shares outstanding had been reduced to 956,336.

43.     Presently, GLD Sponsor and GLD Partners owned 613,000 Class B shares and 400,000 Class A, respectively, of the outstanding shares.  Consequently, GLD Sponsor and GLD Partners collectively held approximately 24 percent of the voting shares of Sagaliam.

44.     Under the Restated and Amended Certificate, in order for Sagaliam to proceed with the Enzolytics Business Combination Agreement, 65 percent of the existing shareholders had to vote in favor of an extension of the Deadline Date.

45.     In order to obtain shareholder approval of an extension of the Deadline Date and (if required in Section 251 of the Delaware Corporation Law) the Enzolytics Business Combination Agreement, Sagaliam needed to obtain favorable votes from both GLD Sponsor and GLD Partners.

_____

[5] A true and correct copy of the Enzolytics Business combination Agreement is annexed hereto as Exhibit E.

46.     GLD Sponsor and GLD Partners had previously advised Sagaliam that neither of them would vote in favor of an extension of the Deadline Date or the business combination because BN Holdings was in default under its promissory note to GLD Sponsor and because Sagaliam had not cured either (i) the failure to file a Form 10-Q for both the first and second quarters of 2023 or (ii) the delinquency notice from the Nasdaq Stock Market.

47.     On information and belief, the Sponsor and Sagaliam decided to eviscerate GLD Sponsor's and GLD Partners' ability to vote in concert with other Sagaliam shareholders against any extension of the Deadline Date by surreptitiously issuing shares to the Enzolytics Shareholders in order to change the voting dynamics and to give the Enzolytics Shareholders control of any shareholders vote.

48.     Consequently, in breach of its fiduciary duties, Sagaliam devised an unauthorized and invalid scheme to issue a controlling block of shares to the Enzolytics Shareholders.

49.     On a date not known, but sometime prior to October 11, 2023, Sagaliam issued 36,000,000 Class A shares to Enzolytics.  If the transfer is not cancelled, Enzolytics therefore possesses 88 percent of the beneficial ownership of shares in Sagaliam, giving Enzolytics super-majority control over any shareholder vote.

50.     On a date not known, but sometime prior to October 11, 2023, Sagaliam also issued 2.5 million Class A shares the Zhabilov Trust, Charles Cotropia, Dr. Gaurav Chandra and Dr. Joseph Cotropia.  If the transfer is not cancelled, those parties therefore hold a total of 6.17 percent of the total shares of Sagaliam.  Upon information and belief, Zhabilov Trust, Charles Cotropia, Joseph Cotropia and Guarav Chandra are all shareholders and insiders of Enzolytics.

51.     On information and belief, as of September 15, 2023, the Enzolytics Shareholders provided  no consideration for the issuance of the Sagaliam shares to them.

52. Under Sections 2.1 and 2.2 of the Enzolytics Business Combination Agreement and Exhibit 1 thereto, Sagaliam agreed to issue the number of shares ser forth in paragraphs ___ hereof to the Enzolytics Shareholders as consideration for Sagaliam's acquisition of Enzolytic, with such issuance to occur only upon the transaction's Closing (as that term is defined in the Enzolytics Business Combination Agreement). The Enzolytics Shareholders had no right to receive shares of Sagaliam prior to the Closing.

53. As of October 20, 2023, the shareholders had not voted to approve the Enzolytics acquisition, and no Closing had yet occurred. Thus, the Enzolytics Shareholders had no right to receive any shares of Sagaliam prior to October 20, 2023.

54. At no time prior to October 11, 2023 did Sagaliam file a Form 8-K announcing the issuance or transfer of shares to the Enzolytics Shareholders.

55. Sagaliam did not disclose the fact that the Enzolytics Shareholders had received such shares and thus controls over 94 percent of the Sagaliam shares until Sagaliam disseminated the October 20 Proxy Statement (*i.e.*, Sagaliam's definitive Schedule 14A Proxy Statement).

56. Sagaliam has never disclosed any of the terms regarding (i) the issuance of shares to the Enzolytics Shareholders prior to a Closing or (ii) any agreements that Sagaliam may have with the Enzolytics Shareholders regarding the voting of the Sagaliam shares.

H. **The October 20 Proxy Statement**

57. On October 11, 2023, Sagaliam filed a preliminary Form Pre-14A proxy statement with the SEC.

58. Sagaliam did not disseminate the preliminary Proxy Statement to shareholders, as it only contained draft language for review by the SEC.

59.     On October 20, 2023, Sagaliam filed its final Form 14A Proxy Statement (the October 20 Proxy Statement) with the SEC.  The October 20 Proxy Statement was erroneously dated "October November [*sic*] 21, 2023".

60.     The October 20 Proxy Statement stated that it was being mailed to shareholders on or about October 24, 2023.  However, GLD Sponsor and GLD Partners never received the October 20 Proxy Statement, as Sagaliam apparently never mailed it to GLD Sponsor and GLD Partners, even though both of them are shareholders.

61.     The October 20 Proxy Statement disclosed that Sagaliam was convening a special meeting of shareholders on November 21, 2023.  The purpose of the meeting was to ask shareholders to vote to approve an amendment to the Amended and Restated Certificate that would extend the Deadline Date by one year to November 23, 2024 purportedly to permit consummation of the Enzolytics Business Combination Agreement.

62.     In a table on page 37 of the October 20 Proxy Statement, Sagaliam disclosed for the first time that the Enzolytics Shareholders are shareholders and that they held the number of shares set forth in paragraphs 49 and 50 hereof.

63.     On October 26, 2023, counsel for GLD Sponsor and GLD Partners wrote both Sagaliam, requesting an explanation of the issuance of shares to the Enzolytics Shareholders. Both Sagaliam and the Enzolytics Shareholders ignored that letter and have not responded to it.

**I.      The October 20 Proxy Statement Contains False and Misleading Statements and Omissions**

64.     The October 20 Proxy Statement is replete with material misstatements and omissions of fact that render the October 20 Proxy Statement false and misleading.

65.     The October 20 Proxy Statement falsely and materially misstates that the Amended and Restated Certificate "provides that [Sagaliam has] until November 23, 2023 to consummate our initial business combination."

66.     The foregoing statement is false and misleading because the Deadline Date had already expired on August 23, 2023.

67.     The October 20 Proxy Statement omits a material fact insofar as it fails to disclose that Sagaliam failed to remit payments in August and September 2023 to meet the requirements of Section 9.1(b) of the Amended and Restated Certificate in order to obtain further extensions of the Deadline Date.

68.     The October 20 Proxy Statement omits a material fact insofar as it fails to disclose that the extension period under Section 9.1(b) has already expired, the Deadline Date had lapsed and that any subsequent extension would be improper and in violation of the terms of the Amended and Restated Certificate.

69.     The October 20 Proxy Statement omits a material fact insofar as it fails to disclose that Sagaliam did not file the required Form 10-Q for both the first and second quarters of 2023.

70.     The October 20 Proxy Statement omits a material fact insofar as it fails to disclose that any transaction with Enzolytics would be a related party transaction and that Sagaliam and Sagaliam's board have not taken any steps required under Section 9.5 of the Amended and Restated Certification or Delaware law for such a transaction.

71.     The October 20 Proxy Statement omits a material fact insofar as it fails to disclose (i) any relationships between Sagaliam or the Sponsor with Enzolytics, (ii) the familial relationship among Katheen, Travis and Ronnie Richardson or (iii) whether the two co-trustees of BN Holding own shares of Enzolytics.

72.     The October 20 Proxy Statement omits a material fact insofar as it fails to disclose that Sagaliam's directors are not independent and that family members of the directors have a financial interest in the Enzolytics Business Combination Agreement.

73.     The October 20 Proxy Statement omits a material fact insofar as it fails to disclose Sagaliam's improper issuance of shares to the Enzolytic Shareholders without consideration and that the Enzolytic Shareholders have no right to receive any shares of Sagaliam until a Closing of the Enzolytics Business Combination Agreement occurs.

**J.      Sagaliam's Breaches of Fiduciary Duty**

74.     Sagaliam's failure to file a timely Form 8-K disclosing the issuance shares to the Enzolytics Shareholders was designed to facilitate Sagaliam's scheme to control the shareholder vote at the special meeting for the ultimate financial gain of the Enzolytics Shareholders and BN Holdings, in breach of Sagaliam's fiduciary duty.

75.     Upon information and belief, the shares of Sagaliam were issued surreptitiously to the Enzolytic Shareholders prior to a Closing for the express purpose of enabling BN Holdings and the Enzolytic Shareholders to seize control of any shareholders vote, to further extend the Deadline Date at the Special Meeting so as to consummate the transaction pursuant to the Enzolytic Business Combination Agreement, to further their own financial gain and to disenfranchise the existing Sagaliam shareholders, including GLD Sponsor and GLD Partners.

**K.      The Injury to GLD Sponsor and GLD Partners**

76.     As a result of failure to abide by the Restated and Amended Certificate, the material omissions in the October 20 Proxy Statement and Sagaliam's breaches of its fiduciary duty, GLD Sponsor and GLD Partners have suffered and will continue to suffer irreparable harm if an injunction is not granted enjoining the special meeting at which Sagaliam intends to proceed with a vote to extend the Deadline Date.

77.     Further absent injunctive relief, GLD Sponsor and GLD Partners will be irreparably injured by the ability of the Enzolytics Shareholders to vote and eviscerate the voting rights of GLD Sponsor and GLD Partners at the Special Meeting, as the Enzolytics Shareholders control a supermajority of the voting shares of Sagaliam.  Consequently the ability of Sagaliam's shareholders, including GLD Sponsor and GLD Partners, to vote against the proposal to extend the Deadline Date is for all intents and purposes nullified.

78.     Based on the foregoing, GLD Sponsor and GLD Partners are entitled to provisional injunctive relief on the basis of: (i) the material false and misleading statements and omissions in the October 20 Proxy Statement, (ii) the issuance of shares to the Enzolytics Shareholders being ultra vires and without consideration and therefore void, and (iii) expiration of the extension period and the lapsing of Deadline Date, which cannot be retroactively extended.

## FIRST CLAIM FOR RELIEF

79.     Plaintiffs repeat and reallege paragraphs 1 through 78, as is fully set forth herein.

80.     The October 20 Proxy Statement is false and misleading, as it contains multiple material misstatements and omissions that improperly conceal from Sagaliam's shareholders material information relevant to the shareholders' determination as how to exercise their right to vote at the special meeting scheduled for November 21, 2023.

81.     There exists an actual, justiciable controversy with respect to the false and misleading statements and omissions contained in the October 20 Proxy Statement that is ripe for judicial determination, and a declaratory judgment is necessary and proper to determine whether the statements made or omitted in the October 20 Proxy Statement were in violation of the Exchange Act.

82.     Section 14(a) of the Exchange Act, 15 U.S.C.A. § 78n(a), prohibits a company from soliciting a proxy "in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest."

83.     Rule 14a-9, 17 C.F.R. § 240.14a-9, which the SEC promulgated under Section 14(a), provides that no proxy statement will contain: "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading…"

84.     The October 20 Proxy Statement violates Section 14(a) and Rule 14a-9 because Sagaliam misstates material facts concerning, but not limited to, the following: (a) the proposal to extend the Deadline Date to November 22, 2024; (b) the validity of any request for a future extension of the Deadline Date; (c) the expired status of the current extension period; (d) the facts, circumstances, and details concerning the Enzolytics Shareholders' receipt of approximately 75 percent of the total shares of Sagaliam; (e) the fact that the Amended and Restated Certificate no longer permits the Deadline Date to be extended; (f) the fact that the Sagaliam is required to wind down and redeem its shares; and (g) the fact that Sagaliam has failed to file its required 10-Qs for the first two quarters of 2023.

85.     Sagaliam knew or should have known that the October 20 Proxy Statement was materially false and misleading and would be relied on by GLD Sponsor, GLD Partners and other shareholders in determining how to vote at the November 21 special meeting.

86.     The information that Sagaliam omitted from the October 20 Proxy Statement is material information for a reasonable shareholder to consider when deciding how to vote at the November 21 Special Meeting.

87.     The October 20 Proxy Statement does not convey an honest and complete picture of Sagaliam's proposal to extend the Deadline Date, which Sagaliam contends is necessary in order for the Enzolytics Business Combination Agreement to proceed.  Nor has Sagaliam made honest and complete disclosures about the issuance of shares to the Enzolytics Shareholders.

88.     If GLD Sponsor, GLD Partner and other Sagaliam shareholders were in possession of the facts that have been concealed and omitted by Sagaliam in the October 20 Proxy Statement, GLD Sponsor, GLD Partner and other Sagaliam shareholders would be materially less likely to vote their shares in favor of an extension of the Deadline Date, to the extent that Sagaliam is actually entitled to seek approval of such a proposal.

89.     GLD Sponsor, GLD Partners and other shareholders will be irreparably injured if Sagaliam is able to conduct the November 21 special meeting and seek a vote of the shareholders based on the false and misleading statements and omissions in the October 20 Proxy Statement.

90.     Pursuant to 28 U.S.C. § 2201, GLD Sponsor and GLD Partners are entitled to a declaratory judgment that: (i) October 20 Proxy Statement contains material misstatements and omissions in the October 20 Proxy Statement and therefore violates Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder; and (ii) the special meeting scheduled for November 21, 2023 cannot proceed unless and until Sagaliam cures the false and misleading statements and omissions in the October 20 Proxy Statement.

91.     GLD Sponsor and GLD Partners are entitled to a temporary restraining order and a preliminary injunction enjoining the November 21 special meeting from going forward unless and until Sagaliam issues a proxy statement containing all the curative disclosures necessary to eliminate the false and misleading statements and omissions in the October 20 Proxy Statement.

## SECOND CLAIM OF RELIEF

92.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 91 hereof, as if fully set forth herein.

93.     There exists an actual, justiciable controversy with respect to the false and misleading statements, and omissions contained in the October Proxy Statement that is ripe for judicial determination, and a declaratory judgment is necessary and proper to determine whether Sagaliam breached its fiduciary duty in making materially false statements and omissions in the October 20 Proxy Statement in violation of the Delaware Corporation Law and common law.

94.     Sagaliam and its Board of Directors owe a fiduciary duty to its shareholders under the Delaware Corporation Law and common law.

95.     Sagaliam breached its fiduciary duty to its shareholders by making materially false and misleading statements and omissions in the October 20 Proxy Statement as set forth in paragraphs 64-73 hereof.

96.     The materially false and misleading statements and omissions in the October 20 Proxy Statement will cause the upcoming vote at the special meeting to be improperly influenced in contravention of the shareholders' rights and in violation of Delaware law that protects shareholders against breaches of fiduciary duty by Sagaliam.

97.     Pursuant to the 28 U.S.C. § 2201, GLD Sponsor and GLD Partners are entitled to a declaratory judgment that: (i) the material misstatements and omissions in the October 20 Proxy Statement violate the Delaware Corporation Law and common law; and (ii) the special meeting scheduled for November 21, 2023 cannot proceed unless and until Sagaliam cures the false and misleading statements and omissions in the October 20 Proxy Statement.

## THIRD CLAIM FOR RELIEF

98.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 78 hereof, as if fully set forth herein.

99.     There exists an actual, justiciable controversy with respect to whether Sagaliam's conduct allowed the Deadline Date to lapse and the extension period to expire and whether Sagaliam is entitled to have the Deadline Date extended at this time by a vote of the shareholders.  This controversy is ripe for judicial intervention, and a declaratory judgment is necessary and proper on these grounds.

100.     Sagaliam failed to make the monthly extension payments required under Section 9.1(b) of the Amended and Restated Certificate commencing after July 23, 2023, and Sagaliam thus failed to extend the Deadline Date.

101.     Due to Sagaliam's failure to pay the monthly extension payments after July 23, 2005, the Deadline Date lapsed on August 23, 2023.

102.     Sagaliam may not retroactively cure its failure to extend the Deadline Date or otherwise revive the Deadline Date.

103.     Accordingly, Sagaliam is no longer entitled to seek a vote of shareholders to further extend the Deadline Date after the Deadline Date has already lapsed.

104.     Because the Deadline Date has expired, Sagaliam is required to wind down its operations in accordance with Sections 4.3(d), 9.1(b) and 9.1(d) of the Amended and Restated Certification.

105.     Pursuant to 28 U.S.C. § 2201, GLD Sponsor and GLD Partners are entitled a declaratory judgement that: (i) Sagaliam failed to exercise the right to extend the Deadline Date before its expiration on August 23, 2023; (ii) the Deadline Date lapsed on August 23, 2023; (iii) the Deadline Date cannot be revived; (iv) Sagaliam no longer has any right to seek an extension

of the Deadline Date; and (v) Sagaliam may not seek a vote of the shareholders at the November 21, 2023 special meeting to extend the Deadline Date to November 23, 2024.

## FOURTH CLAIM FOR RELIEF

106.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 78, as if fully set forth herein.

107.    There exists an actual, justiciable controversy with respect to whether the shares issued to the Enzolytics Shareholders were validly issued and whether the transfer of said shares should be voided.  This controversy is ripe for judicial intervention, and a declaratory judgment is necessary and proper.

108.    In the October 20 Proxy Statement, Sagaliam revealed for the first time that the Enzolytics Shareholders hold approximately 75 percent of the total shares of Sagaliam.

109.    The issuance of shares to the Enzolytic Shareholders was not valid because: (i) the Enzolytics Shareholders had no right to receive any shares in Sagaliam unless and until a Closing of the Enzolytic Business Combination Agreement occurs; and (ii) the Enzolytics Shareholders paid no consideration for the issuance of the shares in Sagaliam.

110.    Sagaliam and the board of Sagaliam breached their fiduciary duty to Sagaliam's shareholders by issuing shares in Sagaliam to the Enzolytics Shareholders.

111.    Pursuant to 28 U.S.C. § 2201, GLD Sponsor and GLD Partner are entitled to a declaratory judgment that: (i) the issuance of the Enzolytics Shares was not valid; and (ii) the issuance of the shares to the Enzolytics Shareholders should be voided and cancelled.

## FIFTH CLAIM FOR RELIEF

112.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 111 hereof, as if fully set forth herein.

113.    Sagaliam has called for a Special Meeting for the shareholders on November 21, 2023 in order to conduct a vote on two proposals:

(a)    To consent to an extension the Deadline Date for executing a business combination agreement to November 23, 2024; and

(b)    To consent to an adjournment of the special meeting in the event that the first proposal is not successful.

114.    Sagaliam is not entitled to seek an extension of the Deadline Date because the Deadline Date lapsed as of August 23, 2023 and may not be revived.  Hence, Sagaliam has no right to seek such a shareholder vote.

115.    The issuance of shares in Sagaliam to the Enzolytics Shareholders was not valid because: (i) the Enzolytics Shareholders had no right to receive any shares in Sagaliam unless and until a Closing pursuant to the Enzolytics Business Combination Agreement occurs; and (ii) the Enzolytics Shareholders paid no consideration for the issuance of the shares in Sagaliam.

116.    Sagaliam and the board of directors breached their fiduciary duties by, among other things, making false, misleading and incomplete disclosures in the October 20 Proxy Statement concerning the Deadline Date and the issuance and ownership of shares by the Enzolytics Shareholders.

117.    It would be inequitable to permit Sagaliam to proceed with the November 21 special meeting and to seek a vote of the shareholders regarding the proposal to extend the Deadline Date to November 23, 2024.

118.    GLD Sponsor and GLD Partners have no adequate remedy at law.

119.    Absent an order enjoining the shareholders meeting from proceeding, GLD Sponsor and GLD Partners will be irreparably injured.

120.    GLD Sponsor and GLD Partner are entitled to a temporary restraining order, a preliminary injunction and a permanent injunction enjoining: (i) the November 21, 2023 Special Meeting from proceeding; and (ii) the Enzolytics Shareholders from voting their shares in Sagaliam unless and until a Closing of the Enzolytics Business Combination Agreement occurs.

## **PRAYER FOR RELIEF**

WHEREFORE, GLD Sponsor and GLD Partners respectfully requests that the Court enter judgment against Sagaliam favor as follows:

A.    On the First Claim, granting a declaratory judgment that that the October 20 Proxy Statement violates Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder and enjoining any special meeting from occurring unless and until Sagaliam issues a proxy statement containing curative disclosures necessary to eliminate the false and misleading statements and omissions in the October 20 Proxy Statement;

B.    On the Second Claim, granting a declaratory judgement that the October 20 Proxy Statement (i) violates the Delaware Corporation law and common law and (ii) a special meeting cannot occur unless and until Sagaliam cures the false and misleading statements in the October 20 Proxy Statement;

C.    On the Third Claim, granting a declaratory judgment that that: (i) Sagaliam failed to exercise the right to extend the Deadline Date before its expiration on August 23, 2023; (ii) the Deadline Date lapsed on August 23, 2023; (iii) the Deadline Date cannot be revived; (iv) Sagaliam no longer has any right to seek an extension of the Deadline Date; and (v) Sagaliam may not seek a vote of the shareholders at the November 21, 2023 special meeting to extend the Deadline Date to November 23, 2024

D.      On the Fourth Claim, granting a declaratory judgment that the shares issued to Enzolytics Shareholders were not validly issued and that said shares are void and should be cancelled;

E.      On the Fifth Claim, granting a temporary restraining order, a preliminary and a permanent injunction to restraining and enjoining (i) Sagaliam from proceeding with the November 21, 2023 Special Meeting; and (ii) enjoining Sagaliam from permitting the Enzolytics Shareholders to vote the Sagaliam shares putatively issued to the Enzolytics Shareholders unless and until a Closing of the Enzolytics Business Combination Agreement occurs; and

F.      Awarding such other relief that the Court may deem just and proper.

Dated:  November 7, 2023                    BELLEW LLC

By: /s/ Sean Bellew                     
Sean Bellew
2961 Centerville Road
Suite 302
Wilmington, Delaware 19808
(302) 3535-4951


AKERMAN LLP
H. Peter Haveles, Jr (pro hac vice pending);
Donald N. David (pro hac vice pending);
1251 Avenue of the Americas
37th Floor
New York, New York 10020
(212) 880-3800

*Attorneys for Plaintiffs*

—