IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLD PARTNERS, L.P., and GLD SPONSOR MEMBER LLC, | ) ) No. 1:23-cv-01266-RGA |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| SAGALIAM ACQUISITION CORP., | ) ) |
| Defendant. | ) ) ) |

### DECLARATION OF DANIEL GORDON

I, Daniel Gordon, pursuant to 28 § 1746, state as follows:

1.  I am the Managing Director of plaintiff GLD Partners, L.P. ("GLD Partners") and the Manager of plaintiff GLD Sponsor LLC ("GLD Sponsor"). I make this declaration in support of the motion of GLD Partners and GLD Sponsor for a temporary restraining order and a preliminary injunction, enjoining defendant Sagaliam Acquisition Corp. ("Sagaliam") from proceeding with a special meeting of shareholders scheduled for November 21, 2023. Except where otherwise noted, I have personal knowledge of the facts set forth herein.

2.  GLD Partners and GLD Sponsor are shareholders of Sagaliam.

3.  GLD Sponsor and GLD Partners seek injunctive relief from this Court because of Sagaliam's breach of fiduciary duty and violation of the securities laws in connection with the special meeting of the shareholders scheduled for November 21, 2023. In advance of that meeting, Sagaliam issued a final Form 14A Proxy Statement dated October 20, 2023 (the "October 20 Proxy Statement"). Inexplicably, even though both GLD Sponsor and GLD Partners are shareholders of Sagaliam, GLD Sponsor and GLD Partners never received the October 20 Proxy Statement to

1

those two parties. GLD Sponsor and GLD Partners learned about the special meeting only because another shareholder reached out to me to ask what was going on.

4. I thereafter reviewed the October 20 Proxy Statement that was available on EDGAR. I discovered that: (i) the October 20 Proxy Statement is rife with false and misleading statements and omissions, (ii) Sagaliam was attempting to extend the deadline date under Sagaliam's Amended and Restated Certificate of Incorporation (the "Amended and Restated Certificate") for a business combination even though that deadline date had already expired on August 23, 2023 and could not be revived; and (iii) Sagaliam had invalidly issued Sagaliam shares to Enzolytics Inc ("Enzolytics") and Enzolytics principals (collectively, the "Enzolytics Shareholders") apparently for no consideration and in spite of the fact that the Enzolytics Shareholders had no right to receive any shares of Sagaliam unless and until a transaction between Sagaliam and Enzolytics closed. I concluded that Sagaliam's proposed transaction with Enzolytics was a related party transaction, as I believe (based on what Sagaliam's CEO Barry Kostiner told me) that two of Sagaliam's directors and the co-trustee of the owner of Sagaliam Sponsor, LLC (the "Sponsor") each own shares in Enzolytics. GLD Sponsor and GLD Partners came to the conclusion that Sagaliam had decided to rig an improperly called shareholders meeting to approve a further extension of the deadline date by giving a super majority of shares to the Enzolytics Shareholders without consideration, for the purpose of both (i) overriding the vote that of Sagaliam's shareholders, including GLD Sponsor and GLD Partners, and (ii) proceeding with a transaction that would personally benefit the Sponsor and members of the board of directors.

A. **The Parties**

5. GLD Sponsor is a Delaware limited liability company.

6. GLD Partners is a Delaware limited partnership.

7. Sagaliam is a Delaware corporation and a special purpose acquisition company.

2

B. **Sagaliam's Formation and the Initial Public Offering**

8. Sagaliam was incorporated on March 31, 2021 for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization or similar business combination with one or more businesses or entities.

9. On December 23, 2021, Sagaliam consummated its initial public offering of 11,500,000 units.

10. Each unit ("Unit") consists of one share of Class A common stock of Sagaliam, par value $0.0001 per share, and one right, with each right entitling the holder thereof to receive one-eighth (1/8) of one share of Class A Common Stock upon consummation of Sagaliam's initial business combination.

11. The Units were sold at a price of $10.00 per Unit, generating gross proceeds to the Company of $115,000,000.

12. Following the closing of the initial public offering on December 23, 2021, an amount of $10.10 per Unit or an aggregate of $116,150,000 was placed in a trust account, (the "Trust Account").

13. The Sponsor acted as the sponsor in connection with Sagaliam's formation and initial public offering. At that time, GLD Sponsor owned the Sponsor.

14. In its role as Sponsor, Sponsor subscribed for 2,675,000 shares of Class B common stock of Sagaliam and 400,000 Units.

C. **The Amended and Restated Certificate of Incorporation**

15. On December 27, 2021, Sagaliam filed its Amended and Restated Certificate with the Secretary of State of Delaware. The Amended and Restated Certificate included the following terms:

3

(a)     There must be an affirmative vote of at least 65 percent of the holders of all then outstanding shares of Common Stock to further amend the Amended and Restated Certificate.

(b)     Sagaliam must redeem 100% of the shares sold in the IPO – using funds held in the Trust Account – if Sagaliam is unable to complete its initial Business Combination within 12 months from the closing of the IPO or such later date as further approved by a subsequent amendment to the Amended and Restated Certificate, which the Amended and Restated Certificate defines as the "Deadline Date".

(c)     In the event that Sagaliam "has not consummated an initial Business Combination by the Deadline Date, [Sagaliam] shall (i) cease all operations except for the purpose of winding up, (ii) as promptly as reasonably possible but not more than ten business days thereafter subject to lawfully available funds therefor, redeem 100% of the Offering Shares in consideration of a per-share price, payable in cash, equal to the quotient obtained by dividing (A) the aggregate amount then on deposit in the Trust Account, including interest not previously released to the Corporation to pay its taxes (less up to $150,000 of such net interest to pay dissolution expenses), by (B) the total number of then outstanding Offering Shares, which redemption will completely extinguish rights of the Public Stockholders (including the right to receive further liquidating distributions, if any), subject to applicable law, and (iii) as promptly as reasonably possible following such redemption, subject to the approval of the remaining stockholders and the Board in accordance with applicable law, dissolve and liquidate, subject in the case of clauses (ii) and (iii) to the Corporation's obligations under the DGCL to provide for claims of creditors and other requirements of applicable law".

**D.     The Initial Business Combination Agreement and Amendment of the Certificate**

16.     On November 16, 2022, Sagaliam and Allenby Montefiore Limited entered into a Business Combination Agreement (the "Allenby BCA").

17.     Due to the close proximity of the date of the Allenby BCA to the initial Deadline Date, Sagaliam submitted to its shareholders proposed amendment to the Amended and Restated Certificate to extend the Deadline Date up to ten monthly extensions through October 23, 2023 to permit the parties to consummate the Allenby BCA ("Extension Proposal").

18.     Sagaliam stated the following about the Extension Proposal:

> The charter amendment provides Sagaliam with the option to extend the date by which it must complete its initial business combination from the Original Deadline Date by up to ten successive one-month periods up to an Extended Deadline Date by the Sponsor depositing the lesser of (x) $120,000 or (y) $0.06 per share for each public share of Sagaliam that is not redeemed in connection with our special meeting held on December 22, 2022 for each one-month extension after December 23, 2022 into the trust account at each extension election.

19.     The Extension Proposal would become effective only upon approval by 65 percent of Sagaliam's shareholders.

20.     On December 22, 2022, at a special meeting of shareholders, the shareholders approved the Extension Proposal. Accordingly, effective as of December 22, 2022, Section 9.1(b) of the Amended and Restated Certificate was replaced with the language of the Extension Proposal.

21.     Sagaliam filed a Form 8-K with the United States Securities and Exchange Commission (the "SEC") on December 23, 2022, disclosing the approval of the First Amendment to the Amended and Restated Certificate (*i.e.*, adoption of the Extension Proposal authorizing monthly extensions of Deadline Date up to October 23, 2023), provided that on or prior to the 23rd of each such month Sagaliam deposited $57,380.22 into the Trust Account.

22. In connection with the adoption of the Extension Proposal, shareholders redeemed 10,543,663 shares of Class A Common Stock in Sagaliam for cash that was released from the Trust Account.

23. The total Class A shares remaining after said redemption were 956,337.

24. The net trust balance after said redemption was $9,765,776.29.

E. **GLD Sponsor Sells Its Interests in Sponsor to BN Holdings Trust**

25. Prior to June 26, 2023, GLD Sponsor was the sole member of Sponsor .

26. On June 26, 2023, GLD Sponsor sold its interests in the Sponsor to BN Holdings Trust, a Nevada Trust ("BN Holdings").

27. In connection with its sale of its interests in the Sponsor, GLD Sponsor received, among other things: (a) a promissory note from BN Holdings in the amount of $990,000 (the "Note") and (b) 613,000 shares of Class B common stock in Sagaliam and 400,000 Units.[1]

28. GLD Sponsor subsequently transferred the 400,000 Units to GLD Partners, which Units entitles GLD Partners to 400,000 Class A shares and to the opportunity to receive an additional 50,000 Class A shares of Sagaliam upon closing of a business combination.

29. On May 9, 2023, Sagaliam announced the appointment of Krystine Miller, Ronnie Richardson and Travis Richardson to the Board of Directors. Sagaliam never made any disclosures to shareholders regarding the biographical background of any of those three individuals, their independence or their affiliation with BN Holdings. It is my understanding that Ronnie and Travis Richardson are each related to Kathleen Richardson, who I understand to be one of the co-trustees of BN Holdings.

---

[1] BN Holdings is currently in default under the Note.

**F.     Sagaliam Fails to Pay the Monthly Extension Fees, and the Extension Period Expires**

30.     In accordance with the monthly extension option for the Deadline Date in Section 9.1(b) of the Amended and Restricted Certificate, Sagaliam paid the monthly fee and extended the Deadline Date for 30 days at a time on each of February 23, 2023, April 23, 2023, May 23, 2023, June 23, 2023 and July 23, 2023, as reflected by the Form 8-K that Sagaliam filed with each such extension.

31.     Due to Sagaliam's failure to pay the monthly extension payments after July 23, 2005, the Deadline Date lapsed on August 23, 2023. Consequently, Sagaliam failed to exercise the extension rights pursuant to Section 9.1(b) of the Amended and Restated Certificate prior to August 23, 2023.

32.     Sagaliam did not file any Form 8-K disclosing that it extended the Deadline Date beyond August 23, 2023.

33.     As of August 23, 2023, Sagaliam had not completed a business combination.

34.     Because the Deadline Date had not been extended and a business combination had not been completed by August 23, 2023, Sagaliam was required to cease all operations and was required to wind up its affairs in accordance with Sections 4.3(d), 9.1(b) and 9.2(d) of the Amended and Restated Certificate.

35.     It is my understanding that Sagaliam may not retroactively cure its failure to extend the Deadline Date or otherwise revive the Deadline Date.

**G.     The Business Combination Agreement with Enzolytics**

36.     Despite the August 23, 2023 expiration of the Deadline Date and the consequential obligation to liquidate and wind up Sagaliam's affairs, on September 15, 2023, Sagaliam filed a Form 8-K disclosing that Sagaliam and Enzolytics had entered into a Business Combination Agreement dated September 15, 2023 (the "Enzolytics Business Combination Agreement").

37.     It is my understanding that, as of September 15, 2023, BN Holdings (the present owner of the Sponsor), and/or Kathleen Richardson and/or Kelli D. Austin (another co-trustee of BN Holdings) -- or their affiliates -- each own a material amount of the shares of Enzolytics or otherwise had a financial interest in Enzolytics.

38.     In its September 15 Form 8-K, Sagaliam did not disclose that the Enzolytics Business Combination Agreement is a related party transaction.

H.     **The Issuance of Sagaliam Shares to Enzolytics**

39.     As a result of the prior redemption of a significant number of shares by the Sagaliam shareholders in connection with the first Extension Proposal, as of December 23, 2022, the total number of Sagaliam Class A shares outstanding had been reduced to 956,336.

40.     Presently, GLD Sponsor and GLD Partners own 613,000 Class B shares and 400,000 Class A shares, respectively. Consequently, GLD Sponsor and GLD Partners collectively held approximately 24 percent of the voting shares of Sagaliam.

41.     Under the Restated and Amended Certificate, in order for Sagaliam to proceed with the Enzolytics Business Combination Agreement, 65 percent of the existing shareholders had to vote in favor of an extension of the Deadline Date.

42.     GLD Sponsor and GLD Partners had previously advised Sagaliam that neither of them would vote in favor of an extension of the Deadline Date or the business combination because BN Holdings was in default under the Note to GLD Sponsor and because Sagaliam had not cured either (i) the failure to file a Form 10-Q for both the first and second quarters of 2023 or (ii) the delinquency notice from the Nasdaq Stock Market.

43.     On a date not known, but sometime prior to October 11, 2023, Sagaliam issued 36,000,000 Class A shares to Enzolytics. Assuming that such a transfer was valid, Enzolytics therefore presently possesses approximately 88 percent of the voting shares of Sagaliam.

44.     On a date not known, but sometime prior to October 11, 2023, Sagaliam also issued 2.5 million Class A shares the Zhabilov Trust, Charles Cotropia, Dr. Gaurav Chandra and Dr. Joseph Cotropia. Assuming that such a transfer was valid, those parties therefore presently hold a total of 6.17 percent of the total shares of Sagaliam. Upon information and belief, Zhabilov Trust, Charles Cotropia, Joseph Cotropia and Guarav Chandra are all shareholders and insiders of Enzolytics.

45.     When I read the October 20 Proxy Statement and first learned of the transfer of shares to the Enzolytics Shareholders, I concluded that BN Holdings and Sagaliam had decided to eviscerate GLD Sponsor's and GLD Partners' shareholders ability to vote in concert with other Sagaliam shareholders against any extension of the Deadline Date by issuing shares to the Enzolytics Shareholders in order to change the voting dynamics and to give the Enzolytics Shareholders absolute control of any shareholders vote.

46.     At no time prior to October 11, 2023 did Sagaliam file a Form 8-K announcing the issuance or transfer of shares to the Enzolytics Shareholders. Rather, in the October 20 Proxy Statement, Sagaliam revealed for the first time that the Enzolytics Shareholders hold approximately more than 94 percent of the total voting shares of Sagaliam.

47.     I have not seen any evidence or disclosure that the Enzolytics Shareholders provided any consideration for the issuance of the Sagaliam shares to them.

48.     Under Sections 2.1 and 2.2 of the Enzolytics Business Combination Agreement and Exhibit 1 thereto, Sagaliam agreed to issue the number of shares set forth above to the Enzolytics Shareholders as consideration for Sagaliam's acquisition of Enzolytics, with such issuance to occur only upon the transaction's Closing (as that term is defined in the Enzolytics Business

9

Combination Agreement). The Enzolytics Shareholders had no right to receive shares of Sagaliam prior to the Closing.

49.  As of October 20, 2023, the shareholders had not voted to approve the Enzolytics acquisition, and no Closing has occurred. Thus, the Enzolytics Shareholders had no right to receive any shares of Sagaliam prior to October 20, 2023.

50.  Sagaliam has never disclosed any of the terms regarding (i) the issuance of shares to the Enzolytics Shareholders prior to a Closing or (ii) any agreements that Sagaliam may have with the Enzolytics Shareholders regarding the voting of the Sagaliam shares.

## I.  The October 20 Proxy Statement

51.  On October 11, 2023, Sagaliam filed a preliminary Form Pre-14A proxy statement with the SEC.

52.  On October 20, 2023, Sagaliam filed its final Form 14A Proxy Statement (the October 20 Proxy Statement) with the SEC. The October 20 Proxy Statement was erroneously dated "October November [*sic*] 21, 2023".

53.  The October 20 Proxy Statement stated that it was being mailed to shareholders on or about October 24, 2023. However, GLD Sponsor and GLD Partners never received the October 20 Proxy Statement from Sagaliam, even though both of them are shareholders.

54.  The October 20 Proxy Statement disclosed that Sagaliam was convening a special meeting of shareholders on November 21, 2023. The purpose of the meeting was to ask shareholders to vote to approve an amendment to the Amended and Restated Certificate that would extend the Deadline Date by one year to November 23, 2024 purportedly to permit consummation of the Enzolytics Business Combination Agreement.

55.  Sagaliam has called for a Special Meeting for the shareholders on November 21, 2023 in order to conduct a vote on two proposals:

10

(a)  To consent to an extension the Deadline Date for executing a business combination agreement to November 23, 2024; and

(b)  To consent to an adjournment of the special meeting in the event that the first proposal is not successful.

56.  Sagaliam is not entitled to seek an extension of the Deadline Date because the Deadline Date lapsed as of August 23, 2023 and may not be revived. Hence, Sagaliam has no right to seek such a shareholder vote.

**J.  The October 20 Proxy Statement Contains False and Misleading Statements and Omissions**

57.  The October 20 Proxy Statement is replete with material misstatements and omissions of fact.

58.  The October 20 Proxy Statement falsely and materially misstates that the Amended and Restated Certificate "provides that [Sagaliam has] until November 23, 2023 to consummate our initial business combination."

59.  The foregoing statement is false and misleading because the Deadline Date had already expired on August 23, 2023.

60.  The October 20 Proxy Statement omits a material fact insofar as it fails to disclose that Sagaliam failed to remit payments in August and September 2023 to meet the requirements of Section 9.1(b) of the Amended and Restated Certificate in order to obtain further extensions of the Deadline Date.

61.  The October 20 Proxy Statement omits a material fact insofar as it fails to disclose that the extension period under Section 9.1(b) has already expired, the Deadline Date had lapsed and that any subsequent extension would be improper and in violation of the terms of the Amended and Restated Certificate.

62. The October 20 Proxy Statement omits a material fact insofar it fails to disclose that Sagaliam did not file the required Form 10-Q for both the first and second quarters of 2023.

63. The October 20 Proxy Statement omits a material fact insofar as it fails to disclose that any transaction with Enzolytics would be a related party transaction and that Sagaliam and Sagaliam's board have not taken any steps required under Section 9.5 of the Amended and Restated Certification or Delaware law for such a transaction.

64. The October 20 Proxy Statement omits a material fact insofar as it fails to disclose (i) any relationships between Sagaliam or the Sponsor with Enzolytics, (ii) the familial relationship among Katheen, Travis and Ronnie Richardson or (iii) whether the two co-trustees of BN Holding own shares of Enzolytics.

65. The October 20 Proxy Statement omits a material fact insofar as it fails to disclose that Sagaliam's directors are not independent and that family members of the certain Sagaliam directors have a financial interest in the Enzolytics Business Combination Agreement.

66. The October 20 Proxy Statement omits a material fact insofar as it fails to disclose Sagaliam's improper issuance of shares to the Enzolytics Shareholders without consideration and that the Enzolytics Shareholders have no right to receive any shares of Sagaliam until a Closing of the Enzolytics. Business Combination Agreement occurs.

### K.  The Injury to GLD Sponsor and GLD Partners

67. As a result of failure to abide by the Restated and Amended Certificate, the material omissions in the October 20 Proxy Statement and Sagaliam's breaches of its fiduciary duty, GLD Sponsor and GLD Partners have suffered and will continue to suffer irreparable harm if an injunction is not granted enjoining the special meeting at which Sagaliam intends to proceed with a vote to extend the Deadline Date.

68. Further absent injunctive relief, because as the Enzolytics Shareholders control a supermajority of Sagaliam's voting shares, Sagaliam's shareholders (including GLD Sponsor and GLD Partners) will be irreparably injured by the ability of the Enzolytics Shareholders to vote and eviscerate the voting rights of all shareholders, including GLD Sponsor and GLD Partners, at the Special Meeting.  Consequently, the ability of Sagaliam's shareholders, including GLD Sponsor and GLD Partners, to vote against the proposal to extend the Deadline Date to November 23, 2024 will be nullified.

69. If GLD Sponsor, GLD Partner and other Sagaliam shareholders were in possession of the facts that have been concealed and omitted by Sagaliam in the October 20 Proxy Statement, GLD Sponsor, GLD Partner and other Sagaliam shareholders would be materially less likely to vote their shares in favor of an extension of the Deadline Date, to the extent that Sagaliam is actually entitled to seek approval of such a proposal.

70. GLD Sponsor, GLD Partners and other shareholders will be irreparably injured if Sagaliam is able to conduct the November 21 special meeting and seek a vote of the shareholders based on the false and misleading statements and omissions in the October 20 Proxy Statement. The materially false and misleading statements and omissions in the October 20 Proxy Statement will cause the upcoming vote at the special meeting to be improperly influenced because the shareholders will not know and have an understanding of the true material facts relevant to a decision whether to extend the Deadline Date.

71. GLD Sponsor and GLD Partners have made no prior application for the relief requested herein.

I declare the foregoing statements to be true under the penalty of perjury

Dated: November 6, 2023

_____
DANIEL GORDON