**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **GLD PARTNERS, L.P., and GLD SPONSOR MEMBER LLC,** | : | **C.A. No. 1:23-cv-01266-RGA** |
| | : | |
| Plaintiff, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SAGALIAM ACQUISITION CORP.** | : | |
| | : | |
| Defendant. | : | |

**OPENING BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS'  COMPLAINT**

Respectfully Submitted,

_____

By: Antranig Garibian, Esq. (DE Bar No. 4962)
Garibian Law Offices, P.C.
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE  19803
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Defendant, Sagaliam Acquisition Corp.*

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

NATURE AND STAGE OF PROCEEDINGS ..................................................................... 1

SUMMARY OF ARGUMENT .............................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 4

LEGAL ARGUMENT ........................................................................................................... 5

   A.       STANDARD OF REVIEW ................................................................................ 5

   B.       PLAINTIFFS' FIRST CLAIM FOR RELIEF FOR A DECLARATORY
           JUDGMENT OF A VIOLATION OF SECTION 14(A) IS NOT ACTIONABLE ... 6

         1.    Plaintiffs' Section 14(a) Claim Improperly Bootstraps a Federal Securities
             Claim to a Cause of Action for Breach of Fiduciary Duty. ............................... 6

         2.    The Challenged Statements in the October 20 Proxy Statement Are Not
             Actionable under Section 14(a). .......................................................................... 8

         3.    Plaintiffs' Section 14(a) Claim Fails to Meet the Heightened Pleading
             Standards of the PSLRA. ................................................................................... 11

   C.       PLAINTIFFS' SECOND CLAIM OF RELIEF FOR BREACH OF FIDUCIARY
           DUTY SHOULD BE DISMISSED BECAUSE SAGA OWES NO FIDUCIARY
           DUTIES TO ITS SHAREHOLDERS UNDER DELAWARE LAW. ..................... 14

   D.       PLAINTIFFS' THIRD CLAIM OF RELIEF FAILS BECAUSE PLAINTIFFS
           HAVE NOT PLEAD A BASIS FOR THE COURT TO DECLARE THAT THE
           SHAREHOLDERS CANNOT EXTEND THE DEADLINE DATE. ...................... 15

   E.       PLAINTIFFS' FOURTH CLAIM OF RELIEF FAILS BECAUSE PLAINTIFFS'
           CLAIMS ARE DERIVATIVE AND PLAINTIFFS HAVE FAILED TO PLEAD
           DEMAND FUTILITY ........................................................................................... 17

   F.       PLAINTIFFS' FIFTH CLAIM OF RELIEF SHOULD BE DISMISSED
           BECAUSE INJUNCTIVE RELIEF IS A REMEDY NOT A CAUSE OF ACTION.
           .............................................................................................................................. 18

CONCLUSION ...................................................................................................................... 19

## TABLE OF AUTHORITIES

**Cases**

*A.W. Fin. Servs., S.A. v. Empire Resources, Inc.*, 981 A.2d 1114 (Del. 2009)...............................14

*Albert v. Alex. Brown Mgmt. Servs., Inc.*, 2005 Del. Ch. LEXIS 133 (Del. Ch. Mar. Aug. 26, 2005) .........................................................................................................................................18

*Allscripts Healthcare, LLC v. Andor Health, LLC*, 2021 U.S. Dist. LEXIS 260624 (D. Del. Sep. 10, 2021) ..........................................................................................................................19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..............................................................................6

*Behrmann v. Brandt*, 2020 U.S. Dist. LEXIS 136543 (D. Del. July 31, 2020)...............................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................................5

*Birdman v. Office of the Governor*, 677 F.3d 167 (3d Cir. 2012) ...................................19

*Buttonwood Tree Value Partners, L.P. v. R.l Polk & Co.*, 2014 Del. Ch. LEXIS 141 (Ch. Aug. 7, 2014) ..................................................................................................................15

*Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126 (3d Cir. 2004)...............................8

*Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005) ....................................................11

*Feldman v. Cutaia*, 951 A.2d 727 (Del. 2008) ..............................................................18

*Grace v. Rosenstock*, 228 F.3d 40 (2d Cir. 2000)...........................................................13

*Heinze v. Tesco Corp.*, 971 F.3d 475 (5th Cir. 2020).....................................................10

*Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320 (D. Del. 2017) ..............................5

*Hysong v. Encore Energy Partners LP*, 2011 U.S. Dist. LEXIS 130688 (D. Del. Nov. 10, 2011) .............................................................................................................9, 10

*In re Keryx Biopharmaceuticals, Inc.*, 454 F. Supp. 3d 407 (D. Del. 2020) ...................................10

*In re Orchard Enters., Inc. S'holder Litig.*, 88 A.3d 1 (Del. Ch. 2014)...........................................15

*In re Pattern Energy Grp. Inc. Sec. Litig.*, 2021 U.S. Dist. LEXIS 16198

(D. Del. Jan. 28, 2021) ................................................................................8, 9, 10

*In re Solera Ins. Coverage Appeals*, 240 A.3d 1121 (Del. 2020) ...................................................14

*Jaroslawicz v. M&T Bank Corp.*, 962 F.3d 701 (3d Cir. 2020) ........................................................9

*Kiger ex rel. Qualcomm Inc. v. Mollenkopf*, No. 2021 U.S. Dist. LEXIS 220509 (D. Del. Nov. 15,

2021) ....................................................................................................6

*Kooker ex rel. Hecla Mining Co. v. Baker*, 497 F. Supp. 3d 1 (D. Del. 2020) ............................6, 8

*Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) ....................................................6

*Manti Holdings, LLC v. Authentix Acquisition Co.*, 261 A.3d 1199 (Del. 2021) ...........................16

*Marshal T. Simpson Tr. v. Invicta Networks, Inc.*, 249 F. Supp. 3d 790 (D. Del. 2017) ................18

*N.Y.C. Employees' Retirement Sys. v. Jobs*, 593 F.3d 1018 (9th Cir. 2010) ...................................13

*Parseghian v. Frequency Therapeutics, Inc.*, 2022 Del. Ch. LEXIS 142 (Ch. June 21, 2022) .......15

*Patrick v. E. Specialty Fin., Inc.*, 2015 U.S. Dist. LEXIS 21717 (D. Del. Feb. 24, 2015) .............19

*Resnik v. Woertz*, 774 F. Supp. 2d 614 (D. Del. 2011) ....................................................13

*Seinfeld v. Becherer*, 461 F.3d 365 (3d Cir. 2006) ...................................................9, 10

*South v. Baker*, 62 A.3d 1 (Del. Ch. 2012) ....................................................18

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148 (2008) ....................................11

*Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004) ...........................17

*Townsend v. E. Specialty Fin., Inc.*, 2015 U.S. Dist. LEXIS 17177 (D. Del. Feb. 12, 2015) .........19

*Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212 (3d Cir. 2007) ........................................8, 9

**Statutes**

8 Del. C. § 242 ....................................................................................18

8 Del. C. § 251 ....................................................................................18

iv

**Rules**

Fed. R. Civ. P. 23.1 ........................................................................................................21

Rule 8(a) ............................................................................................................................5

**Regulations**

15 U.S.C. 78u-4(b) ..........................................................................................................12

17 C.F.R. § 240.14a-9 ..........................................................................................8, 10, 11

## NATURE AND STAGE OF PROCEEDINGS

On November 7, 2023, Plaintiffs, GLD Partners, L.P. ("GLD Partners") and GLD Sponsor Member LLC ("GLD Sponsor") filed this action against defendant, Sagaliam Acquisition Corp. ("SAGA"), which includes five separate "claims for relief." In conjunction with the Complaint (D.I. 1), Plaintiffs filed a motion seeking a temporary restraining order, preliminary injunction and expedited discovery (D.I. 5). On November 20, 2023, the Court granted Plaintiffs' request for a restraining order (D.I. 22) and set a briefing schedule and a hearing date for Plaintiffs' Motion for a Preliminary Injunction. (D.I. 22) This is SAGA's motion for dismissal of Plaintiffs' Complaint.

## SUMMARY OF ARGUMENT

Plaintiffs' allegations (which SAGA disputes but which are accepted as true for the purposes of this motion) are that SAGA 1) violated Section 14(a) of the Securities Exchange Act (the "Act") and Rule 14a-9 promulgated thereunder and 2) breached of SAGA's purported fiduciary duty to its shareholders, including Plaintiffs. (D.I. 1, ¶1).

Plaintiffs' Complaint arises primarily out of a Form 14A Proxy Statement (dated October 20, 2023), which Plaintiffs allege contains false and misleading statements and omissions. (D.I. 1, ¶1). Plaintiffs allege that this document (referenced herein as the "October 20 Proxy Statement") contains false and misleading information regarding 1) the entitlement of SAGA to request the shareholders to vote to extend the deadline date for a business combination and 2) the issuance of shares of SAGA to an entity known as Enzolytics, Inc., as well as Enzolytics principals, collectively referred to in the Complaint as the "Enzolytics Shareholders." (D.I. 1, ¶¶1-2) Plaintiffs identify a number of alleged "material facts" that Plaintiffs alleged were omitted in the October 20 Proxy Statement. (D.I. 1, ¶¶64-73).

1

Plaintiffs seek declaratory and injunctive relief to prevent SAGA from proceeding with a special shareholders meeting unless the allegedly false and misleading statements and omissions in the October 20 Proxy Statement are cured. (D.I. 1, ¶2). Plaintiffs also seek a number of declaratory judgments, as well as a temporary restraining order, preliminary and permanent injunction with respect to SAGA's alleged breaches of fiduciary duty arising from SAGA's allegedly false and misleading disclosures, allegedly invalid attempt to extend the deadline date for a business combination and allegedly invalid issuance of shares in SAGA to the Enzolytics Shareholders.

Plaintiffs' Complaint consists of the following five "claims for relief" – each of which should be dismissed:

1.      First Claim for Relief (D.I. 1, ¶¶79-91): Plaintiffs seek a declaratory judgment that that the October 20 Proxy Statement violates Section 14(a) of the Exchange Act of 1934 (the "Act") and Rule 14a-9 promulgated thereunder. Plaintiffs request that the Court enjoin any special shareholders meeting from occurring unless and until SAGA issues a proxy statement containing curative disclosures.

2.      Second Claim for Relief (D.I. 1, ¶¶92-97): Plaintiffs seek a declaratory judgement that (i) the October 20 Proxy Statement violates the Delaware Corporation law and common law that protects shareholders against breaches of fiduciary duty by SAGA and (ii) a special meeting cannot occur unless and until SAGA issues a proxy statement containing curative disclosures.

3.      Third Claim for Relief (D.I. 1, ¶¶98-105): Plaintiffs seek a declaratory judgment that: (i) SAGA failed to extend the Deadline Date before its expiration on August 23, 2023; (ii) the Deadline Date lapsed on August 23, 2023; (iii) the Deadline Date cannot be revived; (iv) SAGA no longer has any right to seek an extension of the Deadline Date; and (v) SAGA may not seek a

vote of the shareholders at the November 21, 2023 special meeting to extend the Deadline Date to November 23, 2024.

4.      Fourth Claim for Relief (D.I. 1, ¶¶106-111): Plaintiffs seek a declaratory judgment that the shares issued to Enzolytics Shareholders were not validly issued and that said shares are void and should be cancelled.

5.      Fifth Claim for Relief (D.I. 1, ¶¶112-120): Based upon Plaintiffs' allegation that SAGA breached its fiduciary duties to shareholders, Plaintiffs request that the Court grant a temporary restraining order, a preliminary and a permanent injunction to restraining and enjoining (i) SAGA from proceeding with the November 21, 2023 Special Meeting; and (ii) enjoining SAGA from permitting the Enzolytics Shareholders to vote the SAGA shares putatively issued to the Enzolytics Shareholders unless and until a Closing of the Enzolytics Business Combination Agreement occurs.

SAGA requests dismissal of Plaintiffs' Complaint for the following reasons:

## First Claim for Relief (D.I. 1, ¶¶79-91)

Plaintiffs' direct claim under Section 14(a) of the Act should be dismissed because 1) Plaintiffs' Section 14(a) claim impermissibly attempts to bootstrap of Plaintiffs' federal securities claim to its breach of fiduciary duty claims; 2) Plaintiffs fail to establish that the alleged omissions are actionable under Section 14(a) of the Act; and, 3) Plaintiffs fail to satisfy the heightened pleading standard or allege an economic injury to satisfy the loss causation requirement required for a Section 14(a) claim.

## Second Claim for Relief (D.I. 1, ¶¶92-97)

This claim for breach of fiduciary duty should be dismissed due to the fact that under well-settled Delaware law, corporations themselves do not owe a fiduciary duty to their shareholders.

Due to the absence of a duty, the Court would have no legal basis to issue a declaration that SAGA violated its fiduciary duty to its shareholders.

### Third Claim for Relief (D.I. 1, ¶¶98-105)

This claim for relief should be dismissed due to the fact that there is no legal basis for the Court to issue a declaratory judgment that SAGA's shareholders cannot vote to amend their certificate of incorporation to approve an extension of the Deadline Date.

### Fourth Claim for Relief (D.I. 1, ¶¶106-111)

This claim for relief should be dismissed due to the fact that Plaintiffs' requested declaration is a derivative claim that addresses a harm allegedly suffered by SAGA. Plaintiffs have failed to plead facts that they made a demand, or demand futility, as required by FRC P23.1. As a result, this derivative claim must be dismissed.

### Fifth Claim for Relief (D.I. 1, ¶¶112-120)

This claim for relief should be dismissed due to the fact that it is a separate cause of action for injunctive relief. It is well settled that injunctive relief is a remedy, not a cause of action.

### STATEMENT OF FACTS

The following facts are taken from Plaintiffs' Complaint and are assumed to be true solely for purposes of the instant motion. SAGA was formed on March 31, 2021 and consummated an initial public offering of 11,500,000 units. (D.I. 1, ¶10-11). SAGA filed an Amended a Restate Certificate of Incorporation on December 27, 2021, which included deadlines for SAGA to complete a business combination – or else SAGA would be required to redeem certain shares of its stock. (D.I. 1, ¶17). On December 22, 2022, SAGA amended its Certificate of Incorporation and adopted an "Extension Proposal" – extending the dates for business combination agreement. (D.I. 1, ¶¶18-22).

Plaintiffs are each shareholders of SAGA. (D.I. 1, ¶¶28-30, ¶42). Plaintiffs allege that SAGA failed to extend the deadline for entering into a business combination agreement past August 8, 2023 by failing to make a certain monthly payment. (D.I. 1, ¶¶32-33). On September 15, 2023, SAGA entered into a business combination agreement with an entity named Enzolytics, Inc. (D.I. 1, ¶¶39-41). SAGA issued 36,000,000 Class A Shares of SAGA to Enzolytics, Inc. sometime prior to October 11, 2023, which Plaintiffs allege were not supported by any consideration. (D.I. 1, ¶49-51). On October 20, 2023, SAGA filed a Form 14A Proxy Statement with the SEC, disclosing that SAGA was convening a special meeting of shareholders on November 21, 2023 to ask the shareholders to approvement an amendment to SAGA's certificate of incorporation to extend the deadline date to November 23, 2024 to allow for the consummation of the business consummation agreement with Enzolytics. (D.I. 1, ¶¶59-61). Plaintiffs allege that this document omitted a number of material facts identified in ¶¶64-73 of Plaintiffs' Complaint (D.I. 1). Plaintiffs allege that the special meeting should be enjoined because Plaintiffs will suffer irreparable harm if the deadline date is extended. (D.I. 1, ¶¶76-78).

## LEGAL ARGUMENT

### A.  STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the complaint's factual allegations as true. *Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320, 327 (D. Del. 2017) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "Rule 8(a) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (*quoting Bell Atl. Corp.*, 550 U.S. at 555). The factual allegations "must provide more than labels, conclusions, or a 'formulaic recitation' of the claim elements." Id. (*quoting Bell Atl. Corp.*, 550 U.S. at 555). "[T]here must be sufficient factual matter to state a

facially plausible claim for relief." Id. (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This

facial plausibility standard is met "when the complaint's factual content 'allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (*quoting*

*Ashcroft*, 556 U.S. at 678). In deciding motions to dismiss pursuant to Rule 12(b)(6), courts

generally consider the allegations in the complaint, exhibits attached to the complaint, matters of

public record, and documents that form the basis of a claim. *Lum v. Bank of Am.*, 361 F.3d 217 n.3

(3d Cir. 2004).

## B. PLAINTIFFS' FIRST CLAIM FOR RELIEF FOR A DECLARATORY JUDGMENT OF A VIOLATION OF SECTION 14(A) IS NOT ACTIONABLE.

### 1. Plaintiffs' Section 14(a) Claim Improperly Bootstraps a Federal Securities Claim to a Cause of Action for Breach of Fiduciary Duty.

Plaintiffs' Section 14(a) claim rehashes the same allegations Plaintiffs assert under their

breach of fiduciary duty claims. This warrants dismissal of Plaintiffs' Section 14(a) claim.

"The law is well-established…that bootstrapping a federal securities claim to a cause of

action for breach of fiduciary duty is not permissible." *Kiger ex rel. Qualcomm Inc. v. Mollenkopf*,

No. 21-409-RGA, 2021 U.S. Dist. LEXIS 220509, at *13 (D. Del. Nov. 15, 2021)(*quoting*

*Behrmann v. Brandt*, 2020 U.S. Dist. LEXIS 136543, 2020 WL 4432536, at *18 (D. Del. July 31,

2020); *Kooker ex rel. Hecla Mining Co. v. Baker*, 497 F. Supp. 3d 1, 9 (D. Del. 2020).

Here, Plaintiffs rehash the same allegations to support their Section 14(a) claims that they

use to support their breach of fiduciary duty claims. The following allegations that SAGA

breached a fiduciary duty to its shareholders are *also* used by Plaintiffs to support their Section

14(a) claim:

1) Failing to file a timely Form 8-K disclosing the issuance of shares to the Enzolytics

   Shareholders.

     a.  Cited as the basis for Plaintiffs' fiduciary duty claim at D.I. 1, ¶74;

     b.  Cite as the basis for Plaintiffs' Section 14(a) claim at D.I. 1, ¶73, ¶84.

2) Issuing shares of SAGA to the Enzolytics Shareholders prior to a Closing to enable BN

Holdings and the Enzolytics Shareholders to seize control of any shareholders vote, to

further extend the Deadline Date at the Special Meeting so as to consummate the

transaction pursuant to the Enzolytics Business Combination Agreement, to further

their own financial gain and to disenfranchise the existing Sagaliam shareholders,

including Plaintiffs.

     a.  Cited as the basis for Plaintiffs' fiduciary duty claim at D.I. 1, ¶75;

     b.  Cited as the basis for Plaintiffs' Section 14(a) claim at D.I. 1, ¶¶70, 71, 72, 73,

        ¶84.

3) Making materially false statements and omissions in the October 20 Proxy Statement

"as set forth in ¶¶64-73 of the Complaint" (D.I. 1, ¶95).

     a.  Cited as the basis for Plaintiffs' fiduciary duty claim at D.I. 1, ¶¶3, 48, 64-73,

        95; ¶116.

     b.  Cited as the basis for Plaintiffs' Section 14(a) claim at D.I. 1, ¶¶64-73.

In ¶115 of the Complaint, Plaintiffs *expressly* cite ¶¶64-73, which specify how October 20

Proxy Statement contained false and misleading statements and omissions (and which are the basis

for the Section 14(a) claim) – and incorporate those *exact same* allegations to serve as the basis for

Plaintiffs' fiduciary duty claims. In short, not only did Plaintiffs rehash their fiduciary duty

allegations in their Section 14(a) claims- but Plaintiffs eliminated *any doubt* of the overlap by

expressly incorporating those *same allegations* into their fiduciary duty claims. For every

statement they challenge, Plaintiffs argue that it constituted a breach of fiduciary duty by SAGA

for failure to disclose certain facts. For that reason, the challenged statements, even if deemed to be misleading for lack of disclosure, are not actionable under § 14(a). *See, e.g. Kooker v. Baker*, 497 F. Supp. 3d 1, 9 (D. Del. 2020). Accordingly, due to the fact that Plaintiffs are precluded from bootstrapping their fiduciary duty allegations into a Section 14(a) claim, Plaintiffs' Section 14(a) claims should be dismissed.

### 2.  The Challenged Statements in the October 20 Proxy Statement Are Not Actionable under Section 14(a).

Rule 14a-9, promulgated by the SEC pursuant to § 14(a) of the SEA, provides that:

> [n]o solicitation subject to this regulation shall be made by means of any proxy statement . . . which, at the time . . . it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading.

17 C.F.R. § 240.14a-9.

To state a claim under § 14(a) of the SEA and Rule 14a-9, a plaintiff must establish that "(1) a proxy statement contained a material misrepresentation or omission which (2) caused the plaintiff injury and (3) that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 228 (3d Cir. 2007) (quoting *Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 144 (3d Cir. 2004)). Liability under Section 14(a) requires a showing that "(1) a proxy statement contained a material misrepresentation or omission which (2) caused the plaintiff injury and (3) that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction." *In re Pattern Energy Grp. Inc. Sec. Litig.*, No. 20-275-MN-JLH, 2021 U.S. Dist. LEXIS 16198, at *24-25 (D. Del. Jan. 28, 2021) (*quoting Jaroslawicz v. M&T Bank Corp.*, 962

F.3d 701, 710 (3d Cir. 2020) (*quoting Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 228 (3d Cir. 2007)).

However, an omission in a proxy statement can violate Section 14(a) only "where '[(a)] the SEC regulations specifically require disclosure of the omitted information in a proxy statement, or [(b)] the omission makes other statements in the proxy statement materially false or misleading.'" *Id.* (*Seinfeld v. Becherer*, 461 F.3d 365, 369 (3d Cir. 2006)). Absent an allegation that a defendant failed to make a disclosure specifically required by SEC regulations, a Section 14(a) plaintiff must demonstrate that a proxy statement is either materially false or misleading standing alone, or is materially misleading in light of other facts that were not disclosed. *In re Pattern Energy Grp. Inc. Sec. Litig.*, No. 20-275-MN-JLH, 2021 U.S. Dist. LEXIS 16198, at *25 (D. Del. Jan. 28, 2021)(*citing Hysong v. Encore Energy Partners LP*, No. 11-781, 2011 U.S. Dist. LEXIS 130688, 2011 WL 5509100, at *6 (D. Del. Nov. 10, 2011).

Plaintiffs have not alleged that SAGA failed to make any disclosures specifically required by SEC regulations. Thus, Plaintiffs must prove that the proxy statement is either materially false or misleading standing alone, or is materially misleading in light of other facts that were not disclosed.

Plaintiffs' Section 14(a) claim is based upon the items delineated in ¶¶64-73 of the Complaint, in the section entitled "**The October 20 Proxy Statement Contains False and Misleading Statements and Omissions.**" An omission alone, even of a material fact, is not enough. *In re Pattern Energy Grp. Inc. Sec. Litig.*, No. 20-275-MN-JLH, 2021 U.S. Dist. LEXIS 16198, at *36 n.10 (D. Del. Jan. 28, 2021) An omission-based claim is actionable under Section 14(a) only if the proxy statement "omits to state any material fact necessary in order to make the statements therein not false or misleading." *Seinfeld v. Becherer*, 461 F.3d 365, 369 (3d Cir.

2006) (quoting 17 C.F.R. § 240.14a-9(a)). An omission-based claim is actionable under Section 14(a) only if the proxy statement "omits to state any material fact necessary in order to make the statements therein not false or misleading." *In re Pattern Energy Grp. Inc. Sec. Litig.*, No. 20-275-MN-JLH, 2021 U.S. Dist. LEXIS 16198, at *30-31 (D. Del. Jan. 28, 2021) (*quoting Seinfeld*, 461 F.3d at 369 (quoting 17 C.F.R. § 240.14a-9(a)).

Thus, even if the Court *were* to accept Plaintiffs' contention that the omissions in ¶¶64-73 would be material to a reasonable shareholder in deciding how to vote, Section 14(a) still does not require the disclosure of all material information. *In re Pattern Energy Grp. Inc. Sec. Litig.*, No. 20-275-MN-JLH, 2021 U.S. Dist. LEXIS 16198, at *30 (D. Del. Jan. 28, 2021)(*citing In re Keryx Biopharmaceuticals, Inc.*, 454 F. Supp. 3d 407, 415 (D. Del. 2020)("There is no duty to disclose all material information under § 14(a).")); *Hysong*, 2011 U.S. Dist. LEXIS 130688, 2011 WL 5509100, at *8 ("A plaintiff's desire to know information that may be material . . . is not enough to state a claim under Section 14(a) . . . ."); *see also Heinze v. Tesco Corp.*, 971 F.3d 475, 483 (5th Cir. 2020) (holding that "pure-omission claims are not cognizable" under Section 14(a)).

To sustain their claim, Plaintiffs would have to establish that an allegedly violative statement rendered a particular statement in the October 20 Proxy Statement misleading. Except for the sole allegation in ¶65 that the October 20 Proxy Statement's assertion that SAGA had until November 23, 2023 to consummate the initial business combination (which, as discussed below, is only supported by conclusory allegations made upon "information and belief"), Plaintiffs fail to identify *any other* statement in the October 20 Proxy Statement that is allegedly misleading as a result of the omissions of purportedly material facts cited in the Complaint. Plaintiffs' allegations are simply incomplete. Accordingly, Plaintiffs have failed to state an actionable Section 14(a) claim with respect to the alleged omissions.

    **3.** **Plaintiffs' Section 14(a) Claim Fails to Meet the Heightened Pleading Standards of the PSLRA.**

A plaintiff alleging a private right of action arising from the Securities Exchange Act of 1934 must meet the heightened pleading standards of The Private Securities Litigation Reform Act of 1995 ("PSLRA"), including its loss causation requirement. *See Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 165, 128 S. Ct. 761, 169 L. Ed. 2d 627 (2008). The complaint in a Section 14(a) action must specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and must also satisfy the following requirements: 1) if an allegation regarding the statement or omission is made on information and belief, Plaintiffs must plead all facts with particularity on which that belief is formed. *See* 15 U.S.C. 78u-4(b)(1), and, 2) the complaint must set forth a causal connection between the material misrepresentation and an economic loss to the plaintiff. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (concluding that "allowing a plaintiff to forgo giving any indication of the economic loss and proximate cause that the plaintiff has in mind would bring about the harm of the very sort the statutes seek to avoid"). Plaintiffs' Section 14(a) claim fails to meet either requirement.

First, Plaintiffs' allegations "on information and belief" do not provide facts with particularity to support the basis for the assertions. Those allegations include:

    i.    On information and belief, Ronnie and Travis Richardson are each related to Kathleen Richardson, one of the co-trustees of BN Holdings. (D.I. 1, ¶31)

    ii.    On information and belief, SAGA did not make the monthly payment required to extend the Deadline Date beyond August 23, 2023. (D.I. 1, ¶33)

    iii.    On information and belief, as of September 15, 2023, BN Holdings (the owner of the sponsor), Kathleen Richardson and Kelli D. Austin (another co-trustee of BN

Holdings) – or their affiliates -- each own a material amount of the shares of Enzolytics. (D.I. 1, ¶40)

iv.   On information and belief, the Sponsor and Sagaliam decided to eviscerate GLD Sponsor's and GLD Partners' ability to vote in concert with other Sagaliam shareholders against any extension of the Deadline Date by surreptitiously issuing shares to the Enzolytics Shareholders in order to change the voting dynamics and to give the Enzolytics Shareholders control of any shareholders vote. (D.I. 1, ¶47)

v.   Upon information and belief, Zhabilov Trust, Charles Cotropia, Joseph Cotropia and Guarav Chandra are all shareholders and insiders of Enzolytics. (D.I. 1, ¶50)

vi.   On information and belief, as of September 15, 2023, the Enzolytics Shareholders provided no consideration for the issuance of the Sagaliam shares to them. (D.I. 1, ¶51)

vii.   Upon information and belief, the shares of Sagaliam were issued surreptitiously to the Enzolytics Shareholders prior to a Closing for the express purpose of enabling BN Holdings and the Enzolytics Shareholders to seize control of any shareholders vote, to further extend the Deadline Date at the Special Meeting so as to consummate the transaction pursuant to the Enzolytics Business Combination Agreement, to further their own financial gain and to disenfranchise the existing Sagaliam shareholders, including GLD Sponsor and GLD Partners. (D.I. 1, ¶75)

The above allegations, all simply made "upon information and belief" are not supported with particularized facts. These allegations are *critical* and are the underpinning to Plaintiffs' claims that SAGA issued false and misleading statements and omissions. The lack of particularized factual support – other than conclusory assertions – fails to meet the heightened pleading standard required.

12

Second, Plaintiffs do not allege an economic injury and, as a result, fail to satisfy the loss causation requirement. To show loss causation, the plaintiff must demonstrate that the defendant "caused the loss for which the plaintiff seeks to recover damages." 15 U.S.C. § 78u-4(b)(4). "In well-pleaded § 14(a) claims, loss causation connects the proxy misstatements with an actual economic harm." *Resnik v. Woertz*, 774 F. Supp. 2d 614, 632 (D. Del. 2011)(*quoting N.Y.C. Employees' Retirement Sys. v. Jobs*, 593 F.3d 1018, 1023 (9th Cir. 2010) (citing *Grace v. Rosenstock*, 228 F.3d 40, 46 (2d Cir. 2000)).

Here, Plaintiffs' claim alleges merely that the November 21, 2023 shareholder meeting should not take place because of the purported misstatements made in the October 20 Proxy Statement. Plaintiffs seek only injunctive relief in the form of corrective disclosures before a shareholder vote can take place – and ask the Court to prevent the shareholder meeting from happening. However, as this Court has previously held, this fails to state a claim upon which relief can be granted, as this type of injury is insufficient to meet the loss causation requirement of a Section 14(a) claim. *See, e.g. Resnik v. Woertz*, 774 F. Supp. 2d 614, 632 (D. Del. 2011)("Resnik's direct claim, which alleges a deprivation of his right to a fully informed stockholder vote caused by the misrepresentations in the Proxy Statement, seeks only injunctive relief in the form of corrective disclosures and another vote on the 2009 Plan. This injury is insufficient to meet the loss causation requirement, and as a result, Resnik's direct claim for relief under § 14(a) fails to state a claim upon which relief can be granted.")

Further, Plaintiffs fail to identify any damages that they would suffer even if the shareholder vote *were* to take place. According to the October 20 Proxy Statement, attached to Plaintiffs' Complaint as Exhibit A, holders of shares of Class A common stock (which Plaintiffs

allege they are) sold as part of the units issued in the IPO *would* be provided with the opportunity to redeem their Class A common stock in connection with the Extension Amendment.

> Pursuant to our Charter, we are providing the holders of shares of Class A common stock originally sold as part of the units issued in our IPO (such holders, the "public stockholders") with the opportunity to redeem, in connection with the Extension Amendment Proposal, their Class A common stock for a per-share price, payable in cash, equal to the aggregate amount then on deposit in the trust account established by the Company and Continental Stock Transfer & Trust ("CST") to hold the proceeds of the IPO and a portion of the proceeds of the sale of the private placement rights (the "Trust Account"), including interest not previously released to the Company to pay its taxes, divided by the number of then outstanding public shares (as defined in the accompanying Proxy Statement) (and which election we refer to as the "Election"). **Public stockholders may elect to redeem their shares whether or not they are holders as of the record date and whether or not they vote "FOR" the Extension Amendment Proposal.** Public stockholders who

See *Complaint,* Ex. A (page 3 of 51)

Accordingly, not only have Plaintiffs failed to identify any economic harm that they would suffer as a result of such a vote, but Plaintiffs' own allegations, in conjunction with Exhibit A (the October 20 Proxy Statement), appears to indicate that Plaintiffs will suffer no damages whatsoever if the vote on the Extension Amendment were to take place – as Plaintiffs would presumably still maintain the right to redeem their shares - as Plaintiffs allege other SAGA shareholders have done in the past. (D.I. 1, ¶24).

## C. PLAINTIFFS' SECOND CLAIM OF RELIEF FOR BREACH OF FIDUCIARY DUTY SHOULD BE DISMISSED BECAUSE SAGA OWES NO FIDUCIARY DUTIES TO ITS SHAREHOLDERS UNDER DELAWARE LAW.

Plaintiffs' Second Claim for Relief (D.I. 1, ¶¶92-97) should be dismissed due to the fact under well-settled Delaware law, corporations themselves do not owe a fiduciary duty to their shareholders. Due to the absence of a duty, the Court would have no legal basis to issue the requested declaration that SAGA violated its fiduciary duty to its shareholders.

It is well established under Delaware law that a corporation does not owe fiduciary duties to its stockholders. *In re Solera Ins. Coverage Appeals*, 240 A.3d 1121, 1135 n.93 (Del. 2020) (*citing A.W. Fin. Servs., S.A. v. Empire Resources, Inc.*, 981 A.2d 1114, 1127 n.36 (Del. 2009) ("Under Delaware law the issuing corporation does not owe fiduciary duties to its stockholders."); *see also Parseghian v. Frequency Therapeutics, Inc.*, No. 2021-0551-PAF, 2022

14

Del. Ch. LEXIS 142, at *21 n.74 (Ch. June 21, 2022)(*citing In re Orchard Enters., Inc. S'holder Litig.*, 88 A.3d 1, 54 (Del. Ch. 2014); *see also Buttonwood Tree Value Partners, L.P. v. R.l Polk & Co.*, Civil Action No. 9250-VCG, 2014 Del. Ch. LEXIS 141, at *1 (Ch. Aug. 7, 2014).

Plaintiffs allege that SAGA breached a fiduciary duty to its shareholders by 1) failing to file a timely Form 8-K disclosing the issuance shares to the Enzolytics Shareholders (D.I. 1, ¶74); 2) issuing shares of SAGA to the Enzolytics Shareholders prior to a Closing to enable BN Holdings and the Enzolytics Shareholders to seize control of any shareholders vote, to further extend the Deadline Date at the Special Meeting so as to consummate the transaction pursuant to the Enzolytics Business Combination Agreement, to further their own financial gain and to disenfranchise the existing Sagaliam shareholders, including Plaintiffs (D.I. 1, ¶75); 3) making materially false statements and omissions in the October 20 Proxy Statement as set forth in ¶¶64-73 of the Complaint (D.I. 1, ¶¶3, 48, 64-73, 95; ¶116) by issuing shares in SAGA to the Enzolytics Shareholders.

Even if Plaintiffs' allegations were true, the fact that SAGA does not owe any fiduciary duty to Plaintiffs is fatal to Plaintiffs' claims for breach of fiduciary duties. Accordingly, the Second Claim for Relief should be dismissed.

### D.  PLAINTIFFS' THIRD CLAIM OF RELIEF FAILS BECAUSE PLAINTIFFS HAVE NOT PLEAD A BASIS FOR THE COURT TO DECLARE THAT THE SHAREHOLDERS CANNOT EXTEND THE DEADLINE DATE.

In the Third Claim for Relief (D.I. 1, ¶¶98-105), Plaintiffs ask the Court to prevent SAGA from doing that which SAGA's shareholders are empowered to do under Delaware law. Plaintiffs seek a declaratory judgment that SAGA may not seek a vote of the shareholders at the November 21, 2023 special meeting to amend SAGA's certificate of incorporation and extend the Deadline Date to November 23, 2024.

As explained by the Delaware Supreme Court in *Manti Holdings, LLC v. Authentix Acquisition Co.*, 261 A.3d 1199, 1242 n.63 (Del. 2021), the process of amending certificates of incorporation enjoys a favored place within that statutory framework because of its procedural safeguards:

> Like the statutory scheme relating to mergers under 8 Del. C. § 251, it is significant that two discrete corporate events must occur, in precise sequence, to amend the certificate of incorporation under 8 Del. C. § 242: First, the board of directors must adopt a resolution declaring the advisability of the amendment and calling for a stockholder vote. Second, a majority of the outstanding stock entitled to vote must vote in favor. The stockholders may not act without prior board action. Likewise, the board may not act unilaterally without stockholder approval. Therefore, the stockholders control their own destiny through informed voting. This is the highest and best form of corporate democracy.

*Manti Holdings, LLC v. Authentix Acquisition Co.*, 261 A.3d 1199, 1242 n.63 (Del. 2021)

Other than simply stating, in conclusory fashion, that SAGA's shareholders cannot extend the Deadline Date, Plaintiffs do not cite *any* provision of Delaware law that prevents the stockholders from voting on the two proposals set forth on Exhibit A to Plaintiffs' Complaint – the first of which is to amend SAGA's certificate of incorporation. Plaintiffs simply state, in conclusory fashion, that SAGA may *not* retroactively extend the Deadline Date or seek a vote at the November 21, 2023 special meeting – without any supporting law or statute to support their claim.

Plaintiffs are asking the Court to prevent the stockholders from doing what the Delaware Supreme Court says that are allowed to do - control their own destiny. SAGA's proposal is consistent with corporate democracy and the guidance from the Delaware Supreme Court in *Manti Holdings* with respect to amending a certificate of incorporation under 8 Del. C. §242. As Plaintiffs have alleged, SAGA's board of directors adopted a resolution declaring the advisability of the amendment and called for a stockholder vote. The next step, logically, was the November 21, 2023 shareholder meeting to see if a majority of the outstanding stock entitled to vote would

vote in favor. Plaintiffs have simply not provided any basis for the Court to prevent that meeting from taking place.

### E. PLAINTIFFS' FOURTH CLAIM OF RELIEF FAILS BECAUSE PLAINTIFFS' CLAIMS ARE DERIVATIVE AND PLAINTIFFS HAVE FAILED TO PLEAD DEMAND FUTILITY.

Plaintiffs' Fourth Claim for Relief (D.I. 1, ¶¶106-111) should be dismissed due to the fact that the claims that are derivative in nature, for which Plaintiffs have failed to plead that they made a demand, or that a demand would be futile, as required by Fed. R. Civ. P. 23.1.

In the Fourth Claim for Relief, Plaintiffs allege that SAGA and its board "breached their fiduciary duty to [SAGA's] shareholders by issuing shares in [SAGA] to the Enzolytics Shareholders" (D.I. 1, ¶110) and that Plaintiffs are entitled to a declaratory judgment that: (i) the issuance of the Enzolytics Shares was not valid; and (ii) the issuance of the shares to the Enzolytics Shareholders should be voided and cancelled. (D.I. 1, ¶111)

Under Delaware law, whether a fiduciary duty claim is direct or derivative turns on: "(1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?" *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004). Here, Plaintiffs claim that SAGA and its board (none of whom are named defendants) breached their fiduciary duties (D.I. 1 ¶110) and that the issuance of shares to the Enzolytics Shareholders was not valid because 1) Enzolytics Shareholders had no right to receive any shares in Sagaliam unless and until a Closing of the Enzolytics Business Combination Agreement occurs; and 2) the Enzolytics Shareholders paid no consideration for the issuance of the shares in Sagaliam. (D.I. 1 ¶109)

Even assuming that these allegations were true for purposes of the instant motion, this claim for mismanagement is "a paradigmatic derivative claim." *Marshal T. Simpson Tr. v. Invicta Networks, Inc.*, 249 F. Supp. 3d 790, 793-94 (D. Del. 2017) (*citing Albert v. Alex. Brown Mgmt. Servs., Inc.*, 2005 Del. Ch. LEXIS 133, 2005 WL 2130607, at *13 (Del. Ch. Mar. Aug. 26, 2005); *Feldman v. Cutaia*, 951 A.2d 727, 734-35 (Del. 2008) (mismanagement resulting in a decrease in the value of stock is a derivative claim); s*ee also South v. Baker*, 62 A.3d 1, 14 (Del. Ch. 2012).

Here, even if the Court were to grant the requested declaration, the benefit of any recovery or other remedy would flow to SAGA (who purportedly lost shares without receiving any consideration), if indeed, the allegation that shares of SAGA were issued to the Enzolytics Shareholders without consideration were true and the shares were canceled. Accordingly, this claim is derivative and subject to Federal Rule of Civil Procedure 23.1, which requires that the plaintiff must "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors . . . and the reasons for the plaintiff's failure to obtain the action or for not making the effort." Fed. R. Civ. P. 23.1.

Plaintiffs have failed to address the issue at all, let alone plead with particularity why they did not make a demand. Accordingly, Plaintiffs' Fourth Claim for Relief, a derivative claim, must be dismissed for Plaintiffs' failure to plead demand futility as required by Fed. R. Civ. P. 23.1.

### F.  PLAINTIFFS' FIFTH CLAIM OF RELIEF SHOULD BE DISMISSED BECAUSE INJUNCTIVE RELIEF IS A REMEDY NOT A CAUSE OF ACTION.

Plaintiffs' Fifth Claim for Relief (D.I. 1, ¶¶112-120) should be dismissed an improper separate cause of action for injunctive relief. The Fifth Claim for Relief contains no independent legal theory – and is a rehashing of Plaintiffs' allegations, requesting a temporary restraining order, a preliminary injunction and a permanent injunction enjoining: (i) the November 21, 2023 Special Meeting from proceeding; and (ii) the Enzolytics Shareholders from voting their shares in

Sagaliam unless and until a Closing of the Enzolytics Business Combination Agreement occurs." (D.I. 1, ¶120). This is improper.

It is well settled that injunctive relief is a remedy, not a cause of action and a separate claim for injunctive relief should be dismissed. *See Allscripts Healthcare, LLC v. Andor Health, LLC*, No. 21-704, 2021 U.S. Dist. LEXIS 260624, at *9 n.2 (D. Del. Sep. 10, 2021)(*citing Birdman v. Office of the Governor*, 677 F.3d 167, 172, 56 V.I. 973 (3d Cir. 2012); *Patrick v. E. Specialty Fin., Inc.*, 2015 U.S. Dist. LEXIS 21717, 2015 WL 834107, at *2 (D. Del. Feb. 24, 2015); *Townsend v. E. Specialty Fin., Inc*., 2015 U.S. Dist. LEXIS 17177, 2015 WL 604074, at *2 (D. Del. Feb. 12, 2015)).

Dismissal of the Fifth Claim for Relief does *not* preclude Plaintiffs from seeking injunctive relief as a remedy against SAGA to the extent appropriate under the other causes of actions. Accordingly, SAGA requests that the Fifth Claim for Relief be dismissed.

## **CONCLUSION**

For the foregoing reasons, SAGA respectfully requests that this Court grant its motion to dismiss Plaintiffs' Complaint.

 Respectfully Submitted,

_____
By: Antranig Garibian, Esq. (DE Bar No. 4962)
Garibian Law Offices, P.C.
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE  19803
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Defendant, Sagaliam Acquisition Corp.*

19