**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GLD PARTNERS, L.P., and GLD SPONSOR MEMBER LLC, | ) ) ) | No. 1:23-cv-01266-RGA |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| SAGALIAM ACQUISITION CORP., | ) ) ) | |
| Defendant. | ) ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR A PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY**

Sean J. Bellew #4072
BELLEW LLC
2961 Centerville Road
Suite 302
Wilmington, Delaware 19808
(302) 3535-4951

AKERMAN LLP
1251 Avenue of the Americas
37th Floor
New York, New York 10020
(212) 880-3800

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

ARGUMENT .................................................................................................................................. 2

    I.    GLD Partners and GLD Sponsor Are Likely to Succeed on the Merits ....................... 2

        A.    The First Claim Pleads A Section 14(a) Claim ................................................. 2

        B.    The Second Claim May Be Asserted Against Sagaliam for the False and Misleading Statements ................................................................. 6

        C.    The Third Claim Seeks a Declaration that the Deadline Date May Not Be Extended ........................................................................................................ 6

        D.    The Fourth Claim May Be Asserted as a Direct Claim ................................... 7

    II.    Plaintiffs Will Suffer Irreparable Harm Without Injunctive Relief, and the Balance of Equities Weighs in Plaintiffs' Favor .............................................................. 8

    III.    Injunctive Relief Is in the Public Interest ...................................................................... 10

    IV.    Plaintiffs' Request For Expedited Discovery Should Be Granted ............................... 10

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*,
   42 F.3d 1421 (3d Cir. 1994)................................................................................................10

B*lasius Industries, Inc. v. Atlas Corp.*,
   564 A.2d 651 (Del. Ch. 1988)...............................................................................................9

*Brookfield Asset Management, Inc. v. Rosson*,
   261 A.3d 1251 (Del. 2021) ...................................................................................................8

*Carmack v. Amaya Inc.*,
   258 F. Supp. 3d 454 (D.N.J. 2017) .......................................................................................4

*D&N Financial Corp. v. RCM Partners L.P.*,
   735 F. Supp. 1242 (D. Del. 1990).........................................................................................8

*Gatz v. Ponsoldt*,
   925 A.2d (Del. 2006) ............................................................................................................8

*General Electric Co. v. Cathcart*,
   980 F.2d 927 (3d Cir. 1992)..................................................................................................4

*Hoch v. Alexander*,
   2011 WL 2633722 (D. Del. July 1, 2011) .........................................................................6, 7

*In re Countrywide Financial Corp. Derivative Litigation*,
   554 F. Supp. 2d 1044 (C.D. Cal. 2008) ................................................................................3

*In re Craftmatic Securities Litigation*,
   890 F.2d 628 (3d Cir. 1989)...............................................................................................2, 4

*In re J.P. Morgan Chase & Co. Shareholder Litigation*,
   906 A.2d 766 (Del. 2006) .....................................................................................................7

*In re MultiPlan Corp. Stockholders Litigation*,
   268 A.3d 784 (Del. Ch. 2022)...............................................................................................8

*In re Suprema Specialties, Inc. Securities Litigation*,
   438 F.3d 256 (3d Cir. 2006)..................................................................................................5

*Kiger v. Mollenkopf*,
   2021 WL 5299581 (D. Del. Nov. 15, 2021) .........................................................................3

*Kooker v. Baker*,
  497 F. Supp. 3d 1 (D. Del. 2020) ............................................................................................2

*Maldonado v. Flynn*,
  597 F.2d 789 (2d Cir. 1979) ....................................................................................................2

*Manti Holdings, LLC v. Authentix Acquisition Co.*,
  261 A.3d 1199 (Del. 2021) ......................................................................................................6

*ODS Technologies, L.P. v. Marshall*,
  832 A.2d 1254 (Del. Ch. 2003) ...............................................................................................9

*Resnik v. Woertz*,
  774 F. Supp. 2d 614 (D. Del. 2011) ........................................................................................5

*Rubenstein v. Adamany*,
  2021 WL 5782359 (2d Cir. Dec. 7, 2021) ...............................................................................2

*Thornton v. Bernard Technologies, Inc.*,
  2009 WL 426179 (Del. Ch. Feb. 20, 2009) ............................................................................6

**Statutes**

15 U.S.C. § 78u-4 ...........................................................................................................................5

1. Plaintiffs GLD Partners, L.P. ("GLD Partners") and GLD Sponsor Member LLC ("GLD Sponsor") submit this reply memorandum in further support of their motion seeking a temporary restraining order, preliminary injunction and expedited discovery. Dkt No. 5.

2. This motion is about the actions of defendant Sagaliam Acquisition Corp. ("Sagaliam") to convene a special shareholders meeting predicated on a proxy statement containing numerous material false and misleading statements and omissions, an invalid proposal to extend the Deadline Date for a business combination and the void issuance of Sagaliam shares to Enzolytics, Inc. ("Enzolytics"). In opposition to the motion, Sagaliam fails to confront those unassailable facts, and instead makes a number of procedural and irrelevant arguments that merely beg the question. Indeed, Sagaliam's opposition is so tone-deaf that Sagaliam admits to the failure to comply with the terms of the Amended and Restated Certificate of Incorporation (the "Amended and Restated Certificate") with respect to the Deadline Date.

3. Further, Sagaliam muddies the waters by making unsubstantiated assertions regarding the transaction with Enzolytics. Although Sagaliam has told its shareholders that a transaction with Enzolytics has not closed and that the Deadline Date needs to be extended for that purpose, since the November 20 issuance of the TRO by this Court, Sagaliam and Enzolytics have attempted to create an appearance that the transaction has already closed. Sagaliam has proffered no objective evidence establishing that a closing has occurred, and relies on only a two-page unauthenticated purported balance sheet of a post-closing company. Further, Sagaliam has not only failed to make any disclosures in the October 20 Proxy Statement about the supposed closing, but it has also failed to make any of the required 8-K submissions, as the SEC requires when such a transaction had occurred. Those failures are outlined in the accompanying Reply Declaration of Daniel Gordon dated December 4, 2023 (the "Gordon Reply Decl.).

4.     Finally, although Sagaliam's attack on the sufficiency and merits of the allegations in the Complaint is unfounded, to eliminate any controversy, GLD Partners and GLD Sponsor are filing an Amended Complaint concurrently with the filing of their reply papers.

## ARGUMENT

**I.     GLD Partners and GLD Sponsor Are Likely to Succeed on the Merits**

    **A.     The First Claim Pleads A Section 14(a) Claim**

5.     Sagaliam asserts four erroneous arguments challenging the First Claim of Relief.

6.     First, Sagaliam claims that GLD Partners and GLD Sponsor have improperly bootstrapped the Section 14(a) claim to the second claim for relief.  *See* Sagaliam Memo at ___. The Complaint, however, alleges independent breach of duty and Section 14(a) claims.

7.     Bootstrapping occurs when a breach of fiduciary duty claim is based on corporate mismanagement and the Section 14(a) claim is based on the failure to disclose that mismanagement and misconduct.  *See Kooker v. Baker*, 497 F. Supp. 3d 1, 9 (D. Del. 2020); *In re Craftmatic Securities Litigation*, 890 F.2d 628, 639 (3d Cir. 1989) That is not the case here.

8.     The Complaint specifically alleges material misrepresentations in the disclosures concerning the shareholders' exercise of their vote on the proposal to extend the Deadline Date, and the Complaint pleads that the misrepresentations and omissions create a false picture that will mislead and distort the shareholders' decision making.  *See* Complaint ¶¶ ___.

9.     Such allegations create an independent basis for a claim under Section 14(a).  *See Maldonado v. Flynn*, 597 F.2d 789, 796 (2d Cir. 1979) ( "the alleged misleading statements and non-disclosures involve matters of direct and deep concern to shareholders in the exercise of their right to vote, which the Exchange Act expects to be fully disclosed in proxy solicitations for election of officers and directors."); *Rubenstein v. Adamany*, 2021 WL 5782359, at *3 (2d Cir. Dec. 7, 2021)

10. Further, the Second Claim for Relief is of secondary importance, since the Complaint's principal attack is on Sagaliam's attempt to mislead shareholders, and the two claims may therefore proceed in parallel. *See Kiger v. Mollenkopf,* 2021 WL 5299581 (D. Del. Nov. 15, 2021) (Andrews, J.); *In re Countrywide Financial Corp. Derivative Litigation*, 554 F. Supp. 2d 1044, 1077 (C.D. Cal. 2008).

11. Second, Sagaliam contends that GLD Partners and GLD Sponsor have failed to allege material misrepresentations and omissions. *See* Sagaliam Memo at 7-9. Specifically, Sagaliam wrongly takes issue with the truthfulness of the allegations regarding extension of the Deadline Date and contends that the omissions do not affect the material statements in the October 20 Proxy Statement. Sagaliam paints an incomplete picture.

12. The Amended and Restated Certificate specifically sets forth hard deadlines as to when payments for the Deadline Date extensions must be made. Sagaliam did not make the August 23, 2023 payment. *See* Plaintiffs' Initial Memo at 6. Indeed, Sagaliam admits to these facts, although it attempts to contend that the failure to extend does not matter. In the Affidavit of Kelli Austin, sworn to December 1, 2023 (the "Austin Affidavit"), Ms. Austin admits that the payment due on August 23 was almost six weeks late and that the payments due on September 23, 2023 and October 23, 2023 were never made. *See* Austin Affidavit ¶ 9, Ex. A. Sagaliam does not disclose those facts in the October 20 Proxy Statement and falsely represented that the Deadline Date would expire on November 23, 2023, when it had expired on August 23, 2023.

13. In addition, the omissions concern the failure to disclose the pertinent facts regarding the failure to extend the Deadline Date and the invalid issuance of a supermajority amount of shares to Enzolytics. *See* Complaint ¶¶ 49, 67; Plaintiffs' Initial Memo at 15. Those omissions make the representations about the proposed extension of the Deadline Date and the

information regarding the Business Combination Agreement with Enzolytics (which is the explicit justification for Sagaliam's proposal to extend the Deadline Date) false and misleading.

14. The Third Circuit has held that "only if 'the disclosures or omissions are so clearly unimportant that reasonable minds could not differ should the ultimate issue of materiality be decided as a matter of law.'"  *General Electric Co. v. Cathcart*, 980 F.2d 927, 932 (3d Cir. 1992) (citing *In re Craftmatic Securities Litigation,* 890 F.2d 628, 641 (3d Cir. 1989)).  Here, however, the omissions and the false and misleading statements directly impact the ability of shareholders to determine how to vote with respect to the proposal to extend the Deadline Date.  Those omissions make the statements in the October 20 Proxy Statement regarding the (i) status of the Deadline Date to November 23, 2024, (ii) Sagaliam's purported extension of the Deadline Date to November 23, 2023, (iii) Sagaliam's right to extend the Deadline Date, (iv) the Enzolytics Shareholders' possession of a controlling supermajority bloc of Sagaliam shares and (v) the Enzolytics Business Combination Agreement's status as a related party transaction even more false and misleading

15. Third, Sagaliam contends that the Complaint fails to allege the omissions with the particularity required under the PSLRA.  *See* Sagaliam Memo at 9-11.

16. The Complaint sets out the misleading statements, as well as the reasons why the statements are misleading.  *See* Complaint ¶¶ 64-73.  Thus, GLD Partners and GLD Sponsor have pled with "sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged'," *see Carmack v. Amaya Inc.*, 258 F. Supp. 3d 454, 464 (D.N.J. 2017), and thereby have stated the "essential factual background that would accompany the first paragraph of any newspaper story—that is, the 'who, what, when, where and how' of the events at issue." *See*

4

*In re Suprema Specialties, Inc. Securities Litigation*, 438 F.3d 256, 276-77 (3d Cir. 2006) (internal citation omitted).

17. Sagaliam also contends that the Complaint fails to comply with the PSLRA because the allegations based on information and belief are not sufficiently pleaded. *See* Sagaliam Memo at 9-10. That contention is based on a false legal premise

18. This particular requirement is imposed only on class actions. *See* 15 U.S.C. § 78u-4. That provision states: "The provisions of this subsection shall apply in each private action arising under this chapter that is brought as a plaintiff class action…"

19. Assuming *arguendo* that GLD Partners and GLD Sponsor have an obligation to allege the basis for facts pleaded on information and belief, the Amended Complaint being filed contemporaneously with this Reply cures any supposed defect. Each such allegation that Sagaliam identifies in paragraphs i through vii have been supplemented.

20. Fourth, Sagaliam contends that GLD Partners and GLD Sponsor have not sufficiently pleaded loss causation. *See* Sagaliam Memo at 10-11.

21. The Complaint alleges that GLD Partners and GLD Sponsor will suffer an economic injury. Complaint ¶ 77. That economic injury is further described in the Gordon Reply Declaration. Gordon Reply Decl. ¶¶ 23-24.

22. Sagaliam's reliance on *Resnik v. Woertz,* 774 F. Supp. 2d 614, 632 (D. Del. 2011), is flawed. In *Resnik*, the plaintiffs challenged a proxy statement relating to disclosures about incentive compensation to board members. The plaintiff did not allege an economic loss and alleged only that his injury was "deprivation of his right to a fully informed stockholder vote caused by the misrepresentations in the proxy statement . . . ." *Id.* at 632.

### B. The Second Claim May Be Asserted Against Sagaliam for the False and Misleading Statements

23. Sagaliam contends that the Second Claim for Relief is defective because corporations do not owe shareholders any fiduciary duty. *See* Sagaliam Memo at 11-12.

24. GLD Partners and GLD Sponsor acknowledge that they may not assert that Sagaliam breached its fiduciary duty. GLD Partners and GLD Sponsor are nonetheless entitled to assert a direct claim against Sagaliam for the false and misleading October 20 Proxy Statement, as reflected in the Amended Complaint. The false and misleading statements and omissions have undermined the ability of Sagaliam's shareholders to cast an informed vote.

25. A shareholder may assert a direct claim against the corporation when the false and misleading statements "impair[s] the stockholder's right to cast an informed vote . . . ." *Hoch v. Alexander*, 2011 WL 2633722, at * 5 (D. Del. July 1, 2011) (quoting *Thornton v. Bernard Technologies, Inc.*, 2009 WL 426179, at * 3 (Del. Ch. Feb. 20, 2009).)

### C. The Third Claim Seeks a Declaration that the Deadline Date May Not Be Extended

26. Sagaliam contends that GLD Partners and GLD Sponsors are unable to succeed on their Third Claim for Relief because shareholders meetings are encouraged. *See* Sagaliam Memo at 12-13. However, Sagaliam's contention, as well as its citation to *Manti Holdings, LLC v. Authentix Acquisition Co.*, 261 A.3d 1199, 1242 n.63 (Del. 2021), beg the question.

27. The third claim has nothing to do with the ability of shareholders to convene meetings. Rather, the claim is predicated on Sagaliam's failure to extend the Deadline Date and the mandatory consequences under the Amended and Restated Certificate triggered by that failure, which problems Sagaliam evades addressing.

28. Section 9.1(b) of the Amended and Restated Certificate explicitly requires, without exception, that the payments must be made by the 23rd of each month. Sagaliam's last timely

payment occurred in July in connection with the extension of the deadline date to August 23, 2023. Further, as Sagaliam admits, Sagaliam did not make the payment due on August 23, 2023 until October 2, 2023 and never made the extension payments that were due on September 23, 2023 and October 23, 2023.  Austin Affidavit ¶ 9.

29. Those undisputed facts mandated that Sagaliam begin to liquidate and wind down on August 24, 2023, pursuant Sections 4.3(d), 9.1(b) and 9.2(d) of the Amended and Restated Certificate.  The Amended and Restated Certificate did not grant Sagaliam the right to make the August 23 payment more almost six weeks late or to excuse the failure to make the September 23 and October 23 dates.  Nor, contrary to the assumption in the Austin Affidavit, did Continental Stock Transfer and Trust (Sagaliam's transfer agent) have any authority to waive the August 23 payment's material delay or the failure to make the September 23 and October 23 payments.  The Amended and Restated Certificate grants no power the stock transfer agent.

30. Because Sagaliam had a mandatory obligation on August 24, 2023 to cease operations and to begin a wind down, the Amended and Restated Certificate bars Sagaliam from convening an untimely special shareholders meeting to extend the already lapsed Deadline Date.

**D.    The Fourth Claim May Be Asserted as a Direct Claim**

31. Sagaliam contends that the Fourth Claim is barred because the claim can be brought only as a derivative claim.  *See* Sagaliam Memo at 13-15.  However, Sagaliam's issuance of shares to the Enzolytics Shareholders injured GLD Partners and GLD Sponsor, and they may therefore assert a direct claim.

32. The courts in Delaware have held that, "[w]here it is claimed that a duty of disclosure violation impaired the stockholders' right to cast an informed vote, that claim is direct." *Hoch*, 2011 WL 2633722, at *5; *accord In re J.P. Morgan Chase & Co. Shareholder Litigation*, 906 A.2d 766, 772 (Del. 2006)).  Further, when the actions result in the loss of voting power, the

7

shareholder is directly injured and therefore may bring a direct claim.  *See Gatz v. Ponsoldt*, 925 A.2d, 1265, 1278 (Del. 2006); *In re MultiPlan Corp. Stockholders Litigation*, 268 A.3d 784, 802-05 (Del. Ch. 2022); *see also Brookfield Asset Management, Inc. v. Rosson*, 261 A.3d 1251, 1266-67 (Del. 2021).

33. Here, Sagaliam's transfer of shares to the Enzolytics Shareholders resulted in granting the Enzolytics Shareholders a supermajority vote, exceeding the 65 percent necessary to obtain approval of the extension proposal, and thereby nullifying (and not merely diluting) the votes of GLD Partners and GLD Sponsor.  Complaint ¶¶ 44, 77.

34. Finally, the decisions cited by Sagaliam have no bearing, as each of them deal only with corporate mismanagement that injured the corporation.

## II. Plaintiffs Will Suffer Irreparable Harm Without Injunctive Relief, and the Balance of Equities Weighs in Plaintiffs' Favor

35. Sagaliam contends that there in is no irreparable injury.  *See* Sagaliam Memo at 15-17.  GLD Partners and GLD Sponsor seek injunctive relief on two independent grounds – the material false and misleading statements in the October 20 Proxy Statement and the improper issuance of a supermajority bloc of shares to Enzolytics.  When evaluating irreparable injury, it is necessary to take both of those claims into account, which Sagaliam fails to do.

36. Sagaliam's argument misses the point, and it focuses on case law that deals with the election of directors.  *See* Sagaliam Memo at 16-17.  The circumstances before this Court differ from those present in *D&N Financial Corp. v. RCM Partners L.P.,* 735 F. Supp. 1242 (D. Del. 1990).  In *D&N*, the dispute involved a proxy statement relating to the election of two of 11 directors and a proposal to charge an independent committee to solicit opportunities to maximize the company's value.  The court held that a shareholders meeting would not set a consequential course into action and that a shareholders vote could easily be redone.  *Id*. at 1253.

8

37. In contrast, Sagaliam seeks to proceed with a meeting based on a proxy statement containing misstatements and omissions that go to the heart of the corporate existence question being put to the shareholders and to convene a meeting at which the votes of all shareholders are meaningless because of Enzolytics' supermajority. Under these circumstances, the Delaware courts consistently find irreparable injury. Indeed, Sagaliam does not address either *ODS Technologies, L.P. v. Marshall*, 832 A.2d 1254 (Del. Ch. 2003), or B*lasius Industries, Inc. v. Atlas Corp.*, 564 A.2d 651 (Del. Ch. 1988). *See* Plaintiffs' Moving Memo at 15-16, 18-19.

38. Sagaliam can gain no comfort from the redemption offer made in the October 20 Proxy Statement to public holders of Class A common stock in order to negate the existence of an irreparable injury. *See* Sagaliam Memo at 16-17. As founder shareholders, GLD Partners and GLD Sponsor are not entitled to redeem their shares. *See* Gordon Reply Decl. ¶ 23. Further, they will be injured because there will be no ability for the shareholders to vote against the proposal and to require liquidation, which would deny GLD Partners and GLD Sponsor the right to receive the benefit of liquidation proceeds. *Id.* ¶ 24.

39. Finally, when the injury to GLD Partners and GLD Sponsor is balanced against Sagaliam's purported injury, the balance tips decidedly against Sagaliam. Sagaliam's only proof of injury is a vague and conclusory paragraph in the Austin Affidavit about (i) the inability to raise funds to pay overdue extension fees and (ii) Sagaliam's difficulty borrowing money. *See* Austin Affidavit ¶ 15. As to extension fees, the failure to pay them occurred well before the October 20, 2023 Proxy Statement, let alone before the TRO was issued on November 20, 2023, and that ship has long since sailed. As to the inability to borrow money or otherwise obtain financing, Ms. Austin provides no foundation or substantiation. Indeed, Ms. Austin does not state that she was personally involved with those efforts.

**III.     Injunctive Relief Is in the Public Interest**

40.     Sagaliam asserts that the public interest weighs heavily in its favor because an injunction would interfere with the right to amend a corporate certificate and because there is no likelihood of success on the merits. *See* Sagaliam Memo at 18-19.  Secondly Sagaliam also argues that a shareholders vote would be subject to judicial scrutiny. *Id.* at 19.

41.     Here, however, GLD Partners and GLD Sponsor are likely to succeed on the merits. Thus, "it almost always will be the case that the public interest will favor the plaintiff." *See American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1427 n.8 (3d Cir. 1994).

**IV.     Plaintiffs' Request For Expedited Discovery Should Be Granted**

42.     The Motion includes a request for expedited discovery in connection with this application for injunctive relief, contrary to what Sagaliam asserts.  Dkt. 5.

## CONCLUSION

43.     For the foregoing reasons, GLD Sponsors' and GLD Partners' Motion should be granted in its entirety.

| Dated:  December 6, 2023 | BELLEW LLC<br><br>By: */s/Sean J. Bellew*<br>Sean J. Bellew #4072<br>2961 Centerville Road<br>Suite 302<br>Wilmington, Delaware 19808<br>(302) 3535-4951<br><br>AKERMAN LLP<br>H. Peter Haveles, Jr (admitted pro hac vice);<br>Donald N. David (admitted pro hac vice);<br>1251 Avenue of the Americas<br>37th Floor<br>New York, New York 10020<br>(212) 880-3800<br>*Attorneys for Plaintiffs* |
|---|---|