IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLD PARTNERS, L.P., and GLD SPONSOR MEMBER LLC, | : | C.A. No. 1:23-cv-01266-RGA |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SAGALIAM ACQUISITION CORP. | : | |
| | : | |
| Defendant. | : | |

**OPENING BRIEF IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' AMENDED COMPLAINT**

Respectfully Submitted,

*(signature)*

_____
By: Antranig Garibian, Esq. (DE Bar No. 4962)
Garibian Law Offices, P.C.
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE  19803
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Defendant, Sagaliam Acquisition Corp.*

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ........................................................................................................ iii

**NATURE AND STAGE OF PROCEEDINGS**.............................................................................1

**SUMMARY OF ARGUMENT** ....................................................................................................1

**STATEMENT OF FACTS**...........................................................................................................3

**LEGAL ARGUMENT** .................................................................................................................4

    **A.**     **STANDARD OF REVIEW**.............................................................................................4

    **B.**     **PLAINTIFFS' SECOND CLAIM FOR RELIEF FOR BREACH OF THE "DUTY TO DISCLOSE" FAILS TO STATE A CLAIM UNDER DELAWARE LAW.** .......5

    **C.**     **PLAINTIFFS' THIRD CLAIM FOR RELIEF IMPROPERLY ASKS FOR A WHOLESALE DENIAL OF SAGA'S SHAREHOLDERS' RIGHT TO AMEND SAGA'S CERTIFICATE OF INCORPORATION.** ......................................................6

**CONCLUSION** ............................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................... 4, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................................ 4

*Buttonwood Tree Value Partners, L.P. v. R.l Polk & Co.,* Civil Action No. 9250-VCG, 2014 Del. Ch. LEXIS 141 [Ch. Aug. 7, 2014] ............................................................................................ 6

*Buttonwood Tree Value Partners, Ltd. P'ship v. R.L. Polk & Co., Inc.,* No. 9250-VCG, 2023 Del. Ch. LEXIS 657, at \*17 (Ch. Dec. 29, 2023) ......................................................................... 6

*Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320 (D. Del. 2017) ................................ 4

*Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) ...................................................................... 5

*Manti Holdings, LLC v. Authentix Acquisition Co.*, 261 A.3d 1199 (Del. 2021) .......................... 6, 7

**Statutes**

8 Del. C. § 242 ............................................................................................................................. 6, 7

8 Del. C. § 251 ................................................................................................................................. 6

**Other Authorities**

Section 14(a) of the Exchange Act of 1934 ..................................................................................... 2

**Rules**

Rule 14a-9 ....................................................................................................................................... 2

Rule 8(a) .......................................................................................................................................... 4

## NATURE AND STAGE OF PROCEEDINGS

On November 7, 2023, Plaintiffs, GLD Partners, L.P. ("GLD Partners") and GLD Sponsor Member LLC ("GLD Sponsor") filed this action against defendant, Sagaliam Acquisition Corp. ("SAGA"), which includes five separate "claims for relief." In conjunction with the original Complaint (D.I. 1), Plaintiffs filed a motion seeking a temporary restraining order, preliminary injunction and expedited discovery (D.I. 5). On December 12, 2023, the Court granted Plaintiffs' request for a preliminary injunction and vacated the temporary restraining order that had been in place (D.I. 36).

On November 29, 2023, Defendant filed a motion to dismiss Plaintiffs' Complaint in its entirety (D.I. 30). On December 6, 2023, Plaintiffs filed an Amended Complaint. (D.I. 35). On January 12, 2024, pursuant to a stipulation between the parties, the Court set Defendant's deadline to respond to the Amended Complaint for February 2, 2024. This is SAGA's motion for partial dismissal of Plaintiffs' Amended Complaint.

## SUMMARY OF ARGUMENT

Plaintiffs' Complaint arises primarily out of a Form 14A Proxy Statement (dated October 20, 2023). (D.I. 35, ¶1). Plaintiffs allege that this document (referenced herein as the "October 20 Proxy Statement") contained false and misleading information regarding 1) the entitlement of SAGA to request the shareholders to vote to extend the deadline date for a business combination and 2) the issuance of shares of SAGA to an entity known as Enzolytics, Inc., as well as Enzolytics, Inc.'s principals, collectively referred to in the Complaint as the "Enzolytics Shareholders." (D.I. 1, ¶¶1-2) Plaintiffs identify a number of "material facts" that Plaintiffs allege were omitted from the October 20 Proxy Statement. (D.I. 35, ¶¶64-74).

1

Plaintiffs also seek declaratory and injunctive relief to prevent SAGA from proceeding with a special shareholders meeting unless the allegedly false and misleading statements and omissions in the October 20 Proxy Statement are cured. (D.I. 35, ¶2). Plaintiffs further seek a number of declaratory judgments, as well as a temporary restraining order, preliminary and permanent injunction with respect to 1) SAGA's alleged breach of its "duty to disclose", 2) attempt to extend the deadline date for a business combination, and 3) issuance of shares in SAGA to the Enzolytics Shareholders.

Plaintiffs' Amended Complaint consists of the following "claims for relief":

1. First Claim for Relief (D.I. 35, ¶¶83-98): Plaintiffs seek a declaratory judgment that that the October 20 Proxy Statement violates Section 14(a) of the Exchange Act of 1934 (the "Act") and Rule 14a-9 promulgated thereunder.

2. Second Claim for Relief (D.I. 35, ¶¶99-109): Plaintiffs seek a declaratory judgement that (i) the October 20 Proxy Statement violates the Delaware Corporation law and common law and (ii) the November 21, 2023 special shareholders meeting cannot occur unless and until SAGA issues a proxy statement containing curative disclosures.

3. Third Claim for Relief (D.I. 35, ¶¶110-121): Plaintiffs seek a declaratory judgment that: (i) SAGA failed to exercise the right to extend the Deadline Date before its expiration on August 23, 2023; (ii) the Deadline Date lapsed on August 23, 2023; (iii) the Deadline Date cannot be revived; (iv) SAGA no longer has any right to seek an extension of the Deadline Date; and (v) SAGA may not seek a vote of the shareholders at the November 21, 2023 special meeting to extend the Deadline Date to November 23, 2024.

4. Fourth Claim for Relief (D.I. 35, ¶¶122-131): Plaintiffs seek a declaratory judgment that: (i) the issuance of the Enzolytics Shares was not valid; and (ii) the issuance of the shares to the Enzolytics Shareholders should be voided and cancelled.

SAGA requests partial dismissal of Plaintiffs' Amended Complaint as follows:

### Second Claim for Relief (D.I. 35, ¶¶92-97)

Under Delaware law, corporations themselves do not owe a fiduciary duty to their shareholders or a duty to disclose. Due to the absence of a duty, there is no legal basis for the Court to issue a declaration that SAGA violated the "Delaware Corporation Law" or common law.

### Third Claim for Relief (D.I. 35, ¶¶110-121)

There is no basis for the Court to issue a declaratory judgment that (i) the Deadline Date cannot be revived; or ii) that SAGA no longer has any right to seek an extension of the Deadline Date. To the extent Plaintiffs seek those declarations, the Court should dismiss the Third Claim for Relief.

### STATEMENT OF FACTS

The following facts are taken from Plaintiffs' Amended Complaint and are assumed to be true solely for purposes of the instant motion. SAGA was incorporated on March 31, 2021 and consummated an initial public offering of 11,500,000 units. (D.I. 35, ¶10-11). SAGA filed an Amended and Restated Certificate of Incorporation on December 27, 2021, which included deadlines for SAGA to complete a business combination – or else SAGA would be required to redeem certain shares of its stock. (D.I. 35, ¶17). On December 22, 2022, SAGA amended its Certificate of Incorporation and adopted an "Extension Proposal" – extending the dates for business combination agreement. (D.I. 35, ¶¶18-22).

Each of the Plaintiffs are shareholders of SAGA. (D.I. 35, ¶¶29-31, ¶43). Plaintiffs allege that SAGA failed to extend the deadline for entering into a business combination agreement past August 8, 2023 by failing to make a certain monthly payment. (D.I. 35, ¶¶32-33). On September 15, 2023, SAGA filed a form 8-K disclosing that SAGA had entered into a business combination agreement with an entity named Enzolytics, Inc. (D.I. 35, ¶¶39-41). Plaintiffs allege that SAGA issued 36,000,000 Class A Shares of SAGA to Enzolytics, Inc. sometime prior to October 11, 2023, which Plaintiffs allege were not supported by any consideration. (D.I. 35, ¶49-51). On October 20, 2023, SAGA filed a final Form 14A Proxy Statement with the SEC, disclosing that SAGA was convening a special meeting of shareholders on November 21, 2023 to ask the shareholders to approve an amendment to SAGA's certificate of incorporation to extend the deadline date to November 23, 2024 to allow for the consummation of the business consummation agreement with Enzolytics. (D.I. 1, ¶¶59-61). Plaintiffs allege that this document omitted a number of material facts identified in ¶¶64-74 of Plaintiffs' Amended Complaint (D.I. 35).

## LEGAL ARGUMENT

### A. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the complaint's factual allegations as true. *Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320, 327 (D. Del. 2017) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "Rule 8(a) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (*quoting Bell Atl. Corp.*, 550 U.S. at 555). The factual allegations "must provide more than labels, conclusions, or a 'formulaic recitation' of the claim elements." Id. (*quoting Bell Atl. Corp.*, 550 U.S. at 555). "[T]here must be sufficient factual matter to state a facially plausible claim for relief." Id. (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This facial plausibility standard

is met "when the complaint's factual content 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (*quoting Ashcroft*, 556 U.S. at 678). In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004).

### B. PLAINTIFFS' SECOND CLAIM FOR RELIEF FOR BREACH OF THE "DUTY TO DISCLOSE" FAILS TO STATE A CLAIM UNDER DELAWARE LAW.

Plaintiffs' Second Claim for Relief (D.I. 35, ¶¶99-109) is based upon Plaintiffs' claim in ¶101 that SAGA owes a duty to disclose under the "Delaware Corporation Law" and common law.[1] However, SAGA does now owe a "duty to disclose" to its shareholders. Thus, there is no legal basis for the Court to issue the requested declaration that SAGA violated any "duty to disclose" under the "Delaware Corporation Law" and common law.

Plaintiffs' "duty to disclose" claim against SAGA, which merely recasts its now withdrawn breach of fiduciary duty claim against SAGA, has been rejected by the Delaware Chancery Court - as recently as December 29, 2023.[2] In *Buttonwood Tree Value Partners, Ltd. P'ship v. R.L. Polk & Co., Inc.*, Vice Chancellor Glasscock held that when a corporation requests stockholder action, the "duty to disclose" (to the extent it even exists) arises out of the existence of a fiduciary duty – which a corporation does not owe to its shareholders:

> "**To the extent there is a duty to fully disclose information when requesting stockholder action, that duty arises from a fiduciary relationship. I have already considered and dismissed Plaintiffs' breach of fiduciary duty claim**

---

[1] Plaintiffs also allege that SAGA's Board of Directors owes a fiduciary duty to its shareholders. (D.I. 35, ¶101). Plaintiffs have *only* named SAGA as a defendant in this First Amended Complaint.

[2] At the December 11, 2023 hearing in this matter, Plaintiffs' counsel conceded what is well-settled in Delaware, that a corporation does not owe a fiduciary duty to its shareholders.

5

> against the Company because "a corporation does not owe fiduciary duties to its stockholders."

*Buttonwood Tree Value Partners, Ltd. P'ship v. R.L. Polk & Co., Inc.,* No. 9250-VCG, 2023 Del. Ch. LEXIS 657, at *17 (Ch. Dec. 29, 2023) (dismissing plaintiff's attempt to assert a duty to disclose claim against a corporation at all – even in the context of a claim for breach of the implied covenant of good faith and fair dealing) (emphasis added) (*citing Buttonwood Tree Value Partners, L.P. v. R.l Polk & Co.,* Civil Action No. 9250-VCG, 2014 Del. Ch. LEXIS 141 [Ch. Aug. 7, 2014]).

Put simply, the Second Claim for Relief alleges that SAGA breached a duty that SAGA does not owe Plaintiffs under Delaware law. The Delaware Chancery Court's pronouncement on this issue is clear and unequivocal – and Plaintiff cannot provide any reason for this Court to depart from that. The Second Claim for Relief should be dismissed for failure to state a claim.

### C. PLAINTIFFS' THIRD CLAIM FOR RELIEF IMPROPERLY ASKS FOR A WHOLESALE DENIAL OF SAGA'S SHAREHOLDERS' RIGHT TO AMEND SAGA'S CERTIFICATE OF INCORPORATION.

In the Third Claim for Relief (D.I. 35, ¶¶110-121), Plaintiffs seek a declaration, in part, that SAGA's shareholders have *no right* to amend SAGA's certificate of incorporation and extend the Deadline Date. (D.I. 35, ¶¶120) To the extent Plaintiffs' Third Claim for Relief seek these declarations, the Third Claim for Relief is incompatible with Delaware law.

As explained by the Delaware Supreme Court in *Manti Holdings, LLC v. Authentix Acquisition Co.*, 261 A.3d 1199, 1242 n.63 (Del. 2021), the right of stockholders to amend certificates of incorporation enjoys a favored place within that statutory framework because of its procedural safeguards:

> Like the statutory scheme relating to mergers under 8 Del. C. § 251, it is significant that two discrete corporate events must occur, in precise sequence, to amend the certificate of incorporation under 8 Del. C. § 242: First, the board of directors must adopt a resolution declaring the advisability of the amendment and calling for a stockholder vote. Second, a majority of the outstanding stock entitled to vote must vote in favor. The stockholders may not act without prior board action. Likewise, the board may not act unilaterally without stockholder approval. Therefore, the stockholders control their own destiny through informed voting. This is the highest and best form of corporate democracy.

*Manti Holdings, LLC v. Authentix Acquisition Co.*, 261 A.3d 1199, 1242 n.63 (Del. 2021)

      Plaintiffs do not cite *any* provision of the Delaware General Corporate law that would prevent the stockholders from voting to amend SAGA's certificate of incorporation. Plaintiffs state, in conclusory fashion, that SAGA's shareholders no longer have the right to extend the Deadline Date. Plaintiffs' requested declaration would have this Court prevent the stockholders from doing precisely what the Delaware Supreme Court has said that shareholders *should* do - control their own destiny. Plaintiffs' requested declaration for a wholesale prohibition of SAGA's shareholders' right to even consider amending SAGA's certificate of incorporation (and extend the Deadline Date) is inconsistent with corporate democracy and contrary to the Delaware Supreme Court's holding in *Manti Holdings* of 8 Del. C. §242 regarding the right of shareholders' to amend a certificate of incorporation.

## CONCLUSION

      For the foregoing reasons, SAGA respectfully requests that this Court grant its motion for partial dismissal of Plaintiffs' Amended Complaint.

      Respectfully Submitted,

_____
By: Antranig Garibian, Esq. (DE Bar No. 4962)
Garibian Law Offices, P.C.
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE  19803
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Defendant, Sagaliam Acquisition Corp.*

7