**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GLD PARTNERS, L.P., and GLD SPONSOR MEMBER LLC, | ) ) ) | No. 1:23-cv-01266-RGA |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| SAGALIAM ACQUISITION CORP., | ) ) ) | |
| Defendant. | ) ) | |

**<u>MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION
FOR PARTIAL DISMISSAL OF THE AMENDED COMPLAINT</u>**

Sean J. Bellew #4072
BELLEW LLC
2961 Centerville Road
Suite 302
Wilmington, Delaware 19808
(302) 3535-4951

AKERMAN LLP
1251 Avenue of the Americas
37th Floor
New York, New York 10020
(212) 880-3800

*Attorneys for Plaintiffs*

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ........................................................................................................................ 11

    I.      The Second Claim For Relief States a Colorable Claim that Sagaliam
            Breached Its Duty to Disclose.......................................................................... 11

    II.     The Third Claim States a Colorable Claim that Sagaliam May Not Extend the
            Expired Deadline Date or Convene a Shareholders Meeting to Do So ...................... 14

CONCLUSION ..................................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acierno v. Haggerty*,
2005 WL 3134060 (D. Del. Nov. 23, 2005) ................................................................6

*Airgas, Inc. v. Air Product & Chemicals, Inc.*,
8 A.3d 1182 (Del. 2010) ...............................................................................................17

*Alta Berkeley VI C.V. v. Omneon, Inc.*,
41 A.3d 381 (Del. 2012) ...............................................................................................17

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................................................................11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 554 (2007) ......................................................................................................11

*BlackRock Credit Allocation Income Trust v. Saba Cap. Master Fund, Ltd.*,
224 A.3d 964 (Del. 2020) .............................................................................................16

*Brookfield Asset Management, Inc. v. Rosson*,
261 A.3d 1251 (Del. 2021) ...........................................................................................12

*Buttonwood Tree Value Partners, L.P. v. R.L Polk & Co.*,
2014 WL 3954987 (Del. Ch. Aug. 7, 2014) ................................................................13

*Fleisher v. Standard Ins. Co.*,
679 F.3d 116 (3d Cir. 2012) .........................................................................................11

*Gatz v. Ponsoldt*,
925 A.2d (Del. 2006) ....................................................................................................12

*Hill International, Inc. v. Opportunity Partners L.P.*,
119 A.3d 30 (Del. 2015) ...............................................................................................17

*Hoch v. Alexander*,
2011 WL 2633722 (D. Del. July 1, 2011) ...................................................................12

*In re J.P. Morgan Chase & Co. Shareholder Litigation*,
906 A.2d 766 (Del. 2006) .............................................................................................12

*In re MultiPlan Corp. Stockholders Litigation*,
268 A.3d 784 (Del. Ch. 2022) ......................................................................................12

*Manti Holdings, LLC v. Authentix Acquisition Co.*,
  261 A.3d 1199 (Del. 2021 ) ............................................................................15

*Southmark Prime Plus, L.P. v. Falzone*,
  776 F. Supp. 888 (D. Del. 1991) .....................................................................6

*Stream TV Networks, Inc. v. SeeCubic, Inc.*,
  279 A.3d 323 (Del. 2022) ...............................................................................17

*Thornton v. Bernard Technologies, Inc.*,
  2009 WL 426179 (Del. Ch. Feb. 20, 2009) ....................................................12

*Vaughn v. Markey*,
  813 F. App'x 832 (3d Cir. 2020) .....................................................................11

Plaintiffs GLD Partners, L.P. ("GLD Partners") and GLD Sponsor Member LLC ("GLD Sponsor") submit this memorandum in opposition to Defendant's motion for partial dismissal of the Amended Complaint (the "Complaint").  Dkt No. 39.

## PRELIMINARY STATEMENT

1.     The undisputed evidence that has already been presented to the Court establishes that defendant Sagaliam Acquisition Corp. ("Sagaliam") failed to comply with the terms of the Amended and Restated Certificate of Incorporation (the "Amended and Restated Certificate") to extend the deadline date for the completion of any business combination beyond August 23, 2023. Under the clear and unambiguous terms of the Amended and Restated Certificate, Sagaliam was thus required to begin immediately to wind down its operations.  Yet, in defiance of those clear and unambiguous terms, Sagaliam refused to do so and instead improperly attempted to convene a special shareholders meeting to revive the expired deadline date and to pursue a business combination agreement with Enzolytics Inc ("Enzolytics").  In doing so, Sagaliam also issued a proxy statement that was rife with false and misleading statements and omissions.

2.     On December 11, 2023, this Court held that GLD Partners in GLD Sponsor had established the likelihood of success on their First Claim for Relief that the proxy statement contained material misleading statements and omissions and enjoined Sagaliam from convening a special shareholders meeting unless and until Sagaliam cured all of the misleading statements and omissions identified in the First Claim for Relief.  Dkt. 36.  Remarkably, some two and one-half months later, Sagaliam has made no effort to address the false and misleading statements and omissions, and the proxy statement remains unamended.

3.     Now, despite the substantial allegations in the Complaint, Sagaliam moves to dismiss the Second and Third Claims for Relief.  Sagaliam's motion papers are threadbare and tellingly fail to comply with the obligation to view all the allegations in the light most favorable to

GLD Partners and GLD Sponsor.  Those allegations set forth in substantial detail Sagaliam's (i) failure to comply with its duty to disclose and (ii) breach of the clear and unambiguous terms of the Amended and Restated Certificate.  The two claims establish the right to a declaratory judgment and injunctive relief with respect to Sagaliam's conduct and breaches.

4.      Under Delaware law, even though a corporation may not owe a fiduciary duty to its shareholders, a corporation nevertheless has a duty to make truthful disclosures and is directly liable for actual or equitable fraud for making false and misleading disclosures.  The Second Claim for Relief sets forth sufficient allegations to satisfy the requirements for such a claim.

5.      Under Delaware law, Sagaliam has an obligation to comply with the terms of the corporate charter and may not act in derogation of the obligations set forth therein.  The Third Claim for Relief sets forth sufficient allegations to establish that Sagaliam failed to comply with that duty.  The Third Claim for Relief has nothing to do with a restraint on the rights of shareholders to vote or an infringement on corporate democracy.  Rather, consistent with the notion of corporate democracy, that claim seeks to enforce the clear and unambiguous terms of the amendments to the Amended and Restated Certificate that the shareholders adopted in 2022 and that Sagaliam has unjustifiably breached.

6.      Accordingly, Sagaliam's partial motion to dismiss should be denied in its entirety.

## STATEMENT OF FACTS

7.      Sagaliam was incorporated on March 31, 2021, and on December 23, 2021 Sagaliam consummated its initial public offering of 11,500,000 units.  Complaint ¶¶ 10-11.  The Units were sold at a price of $10.00 per Unit, generating gross proceeds to the Company of $115,000,000.  *Id.* ¶ 13.

8.      Following the closing of the Initial Public Offering on December 23, 2021, the amount of $10.10 per Unit or an aggregate of $116,150,000 was placed in a trust account.

Complaint ¶ 14.  Sagaliam Sponsor, LLC ("Sagaliam Sponsor") acted as Sagaliam's sponsor in connection with Sagaliam's formation and initial public offering.  *Id*. ¶ 16.

9.      Sagaliam is a SPAC, and its business purpose is to combine with another company. Complaint ¶¶ 6, 10, Ex. B at 1.[1]  The Amended and Restated Certificate provides procedural rules governing  any proposal by Sagaliam to combine with another company and also sets a deadline by which a combination had to occur, with there being a mandatory and absolute obligation to dissolve and wind up the affairs of Sagaliam if a combination did not occur by that deadline.  *Id*. ¶ 17, Ex. B at 10.

10.      The Amended and Restated Certificate initially included the following terms.

(a)      There must be an affirmative vote of at least 65 percent of the holders of all then outstanding shares of Common Stock to further amend the Amended and Restated Certificate.  Complaint, Ex. B at 8.

(b)      Sagaliam must redeem 100% of the shares sold in the IPO – using funds held in the Trust Account – if Sagaliam is unable to complete its initial Business Combination within 12 months from the closing of the IPO [*i.e.*, December 23, 2022] or such later date as further approved by a subsequent amendment to the Amended and Restated Certificate, which the Amended and Restated Certificate defines as the "Deadline Date".  *Id*. at 9.

(c)      In the event that Sagaliam "has not consummated an initial Business Combination by the Deadline Date, [Sagaliam] shall (i) cease all operations except for the purpose of winding up, (ii) as promptly as reasonably possible but not more than ten business days thereafter subject to lawfully available

---

[1]  Exhibit B is Sagaliam's Amended and Restated Certificate.

funds therefor, redeem 100% of the Offering Shares in consideration of a per-share price, payable in cash, equal to the quotient obtained by dividing (A) the aggregate amount then on deposit in the Trust Account, including interest not previously released to the Corporation to pay its taxes (less up to $150,000 of such net interest to pay dissolution expenses), by (B) the total number of then outstanding Offering Shares, which redemption will completely extinguish rights of the Public Stockholders (including the right to receive further liquidating distributions, if any), subject to applicable law, and (iii) as promptly as reasonably possible following such redemption, subject to the approval of the remaining stockholders and the Board in accordance with applicable law, dissolve and liquidate, subject in the case of clauses (ii) and (iii) to the Corporation's obligations under the DGCL to provide for claims of creditors and other requirements of applicable law".

*Id.* at 10.

11.    On November 16, 2022, Sagaliam entered into a Business Combination Agreement with Allenby Montefiore Limited (the "Allenby BCA").  Complaint ¶ 18.  At that time, the initial Deadline Date would expire in a month, which was insufficient time to close the transaction.  *Id.* ¶ 19.  Accordingly, prior to expiration of the Deadline Date, Sagaliam submitted to its shareholders a proposed amendment to the Amended and Restated Certificate (the "Extension Proposal") to extend the Deadline Date on a monthly basis potentially to November 23, 2023, by permitting ten monthly extensions that Sagaliam could exercise, provided that Sagaliam made a monthly payment for each month's extension prior to the extension's expiration.  *Id.* ¶ 19.

12.     At a December 22, 2022 special meeting, the shareholders approved the Extension Proposal, and Section 9.1(b) of the Amended and Restated Charter was accordingly amended. Complaint ¶ 22.  Sagaliam filed a Form 8-K with the Securities and Exchange Commission (the "SEC") on December 23, 2022, disclosing the approval of the Extension Proposal authorizing monthly extensions of Deadline Date up and until November 23, 2023.  *Id.* ¶ 23.

13.     Upon approval of the Extension Proposal, Section 9.1(b)(ii) states: "The Deadline Date may be extended by the Corporation by up to ten successive one month periods up to October 23, 2023 by depositing into the trust account the lesser of (x) $120,000 or (y) $0.06 per share for each public share of the Corporation that is not redeemed in connection with the special meeting of the Corporation held on December 22, 2022 for each one-month extension . . . ."

14.     Consequently, to the extent that Sagaliam determined to seek a further monthly extensions of the Deadline Date, Sagaliam had to pay $57,380.22 into the Trust Account on or before the 23rd of the particular month.  Complaint ¶ 23.  If Sagaliam failed to make a timely payment, the Deadline Date would not be extended and would expire, thereby triggering Sagaliam's mandatory and unconditional obligation under the Amended and Restated Certificate to unwind and liquidate the company.  *Id.* ¶ 20, Exs. B at 8, C.[2]

15.     On May 9, 2023, Sagaliam announced the appointment of Krystine Miller, Ronnie Richardson and Travis Richardson to the Board of Directors.  Complaint ¶ 31.  On information and belief, Ronnie and Travis Richardson are each related to Kathleen Richardson, one of the co-trustees of BN Holdings Trust, the owner of Sagaliam Sponsor.  *Id*. ¶ 29.

16.     In accordance with the monthly extension right of the Deadline Date in Section 9.1(b) of the Amended and Restated Certificate, Sagaliam made payments to extend the Deadline

---

[2]  Exhibit C to the Complaint is the December 22, 2022 Certificate of Amendment to the Amended and Restated Certification.

Date on a monthly basis on each of February 23, 2023, April 23, 2023, May 23, 2023, June 23, 2023 and July 23, 2023, as reflected by the Form 8-K that Sagaliam filed with each such extension. Complaint ¶ 32. As a result of the last one of said payments, the Deadline Date was extended to August 23, 2023. *Id.* ¶ 33. Thereafter, Sagaliam failed to exercise the extension rights in accordance with Section 9.1(b) of the Amended and Restated Certificate prior to August 23, 2023, which Sagaliam had to do in order to extend the Deadline Date beyond August 23, 2023. *Id*.

17.     As of August 23, 2023, Sagaliam had not completed a business combination. Complaint ¶ 35.

18.     As a result, on August 23, 2023, the Deadline Date expired. Complaint ¶ 36; *see id.*, Exs. B at 8, C § 5. Because the Deadline Date had not been extended and a business transaction had not been completed by August 23, 2023, the Amended and Restated Certificate required Sagaliam to cease all operations and to wind up this company's affairs in accordance with Sections 4.3(d), 9.1(b) and 9.2(d) of the Amended and Restated Certificate. *Id*. ¶ 37.

19.     In the Affidavit of Kelli Austin, sworn to December 1, 2023 (the "Austin Affidavit") (Dkt. 31), which Sagaliam submitted in opposition to defendants' motion for injunctive relief, Ms. Austin admits that Sagaliam made the payment due on August 23 almost six weeks late and that Sagaliam never made the payments due on September 23, 2023 and October 23, 2023. *See* Austin Affidavit ¶ 9, Ex. A.[3]

20.     Sagaliam no longer has any authority to obtain a further extension of the Deadline Date because the Deadline Date expired due to the failure to exercise the extension rights before

---

[3] On this motion, the Court may consider admissions made by Sagaliam in the papers filed in the docket for this action. *See Acierno v. Haggerty*, 2005 WL 3134060, at *6 (D. Del. Nov. 23, 2005) ("In the Third Circuit, 'on a motion ... to dismiss pursuant to Rule 12(b), the Court is not strictly limited to the facts addressed in the pleadings; the Court may take judicial notice of additional facts where appropriate.'" (quoting *Southmark Prime Plus, L.P. v. Falzone,* 776 F. Supp. 888, 892 (D. Del. 1991)).

August 23, 2023, as Sections 4.3(d), 9.1(b) and 9.1(d) mandated the company's termination. Complaint ¶ 37, Exs. B at 4, 8, C §§ 5-6.  The Amended and Restated Certificate did not authorize revival of the Deadline Date once it had lapsed.  *See id.*, Ex. B at 37.

21.    Despite the Deadline Date's August 23 expiration, on September 15, 2023, Sagaliam filed a Form 8-K disclosing that Sagaliam and Enzolytics had entered into a Business Combination Agreement dated September 15, 2023 (the "Enzolytics Business Combination Agreement").  Complaint ¶ 39.

22.    BN Holdings, Kathleen Richardson (a Sagaliam director) and Kelli D. Austin (another co-trustee of BN Holdings) owned a material amount of the shares of Enzolytics. Complaint ¶ 49.  In its September 15 Form 8-K, however, Sagaliam did not disclose that the Enzolytics Business Combination Agreement would be a related party transaction.  *Id.* ¶ 41.

23.    Sometime prior to October 11, 2023, Sagaliam issued 36,000,000 Class A shares to Enzolytics without disclosure.  Complaint ¶ 49.  At the same time, Sagaliam also issued 2.5 million Class A shares to the Zhabilov Trust, Charles Cotropia, Dr. Gaurav Chandra and Dr. Joseph Cotropia.  *Id.* ¶ 59.  The Zhabilov Trust, Charles Cotropia, Joseph Cotropia and Guarav Chandra are all shareholders and insiders of Enzolytics.  *Id.*  Enzolytics and those four parties are collectively referred to as the "Enzolytics Shareholders".  The Enzolytics Shareholders therefore collectively held 94 percent beneficial ownership of shares in Sagaliam, thereby giving them super-majority control over any shareholder vote.  *Id.* ¶ 55.

24.    The Enzolytics Shareholders appear to have paid no consideration for the shares that Sagaliam transferred to them, and the transfer of those shares was invalid.  Complaint ¶ 48. The Enzolytics Shareholders had a right to obtain shares of Sagaliam only upon the Closing (as defined in the Enzolytics Business Combination Agreement) as consideration for transferring

ownership of Enzolytics to Sagaliam.  *Id*., Ex. E at 12.[4]  Specifically, under Sections 2.1 and 2.2 of the Enzolytics Business Combination Agreement and Exhibit 1 thereto, Sagaliam would issue shares to Enzolytics as consideration for Sagaliam's acquisition of Enzolytics, with such issuance to occur only upon the transaction's Closing.  *Id*. at 52.

25.     As of October 20, 2023, no Closing had occurred.  Complaint ¶ 53.  Thus, the Enzolytics Shareholders had no right to receive shares of Sagaliam prior to the Closing.  *Id*. ¶ 53.

26.     On October 11, 2023, Sagaliam filed a preliminary proxy statement with the SEC. Complaint ¶ 57.  Sagaliam did not disseminate the preliminary proxy statement to shareholders, as it only contained draft language for review by the SEC.  *Id*. ¶ 58.  On October 20, 2023, Sagaliam filed the October 20 Proxy Statement.  *Id*. ¶ 59, Ex. A.[5]  The October 20 Proxy Statement stated that it was being mailed to stockholders on or about October 24, 2023.  *Id*. ¶ 60, Ex. A at 2.

27.     The October 20 Proxy Statement disclosed that Sagaliam was convening a Special Meeting on November 21, 2023.  Complaint ¶ 61, Ex. A at 2.  The purpose of the meeting was to ask shareholders to vote to approve an amendment to the Amended and Restated Certificate that would extend the Deadline Date by one year to November 23, 2024, purportedly to permit consummation of the Enzolytics Business Combination Agreement.  *Id*. ¶ 61, Ex. A at 2.

28.     The October 20 Proxy Statement is replete with material omissions of fact that render the October 20 Proxy Statement false and misleading.  Complaint ¶ 64.

29.     The October 20 Proxy Statement falsely and materially misstates that the Amended and Restated Certificate "provides that [Sagaliam has] until November 23, 2023 to consummate our initial business combination."  Complaint, Ex. A at 65.

---

[4]  Exhibit E to the Complaint is the Business Combination Agreement between Sagaliam and Enzolytics.
[5]  Exhibit A to the Complaint is the October 20 Proxy Statement.

30.     The October 20 Proxy Statement fails to disclose that Sagaliam did not make the required payments in September 2023 and October 2023 and that the payment required to be made by August 23, 2023 was approximately six weeks late in being made.  Complaint ¶ 66; Austin Declaration ¶ 9.

31.     The October 20 Proxy Statement therefore fails to disclose that Sagaliam failed to make the payments required by Section 9.1(b) of the Amended and Restated Certificate for further extensions of the Deadline Date and that Sagaliam had a mandatory obligation to unwind the business.  Complaint ¶ 68.

32.     The October 20 Proxy Statement fails to disclose that (i) the extension period for the time to make the monthly payment had expired on August 23, 2023, (ii) the Deadline Date had therefore lapsed and (iii) any subsequent extension would be unauthorized  and in violation of the terms of the Amended and Restated Certificate.  Complaint ¶ 68.

33.     The October 20 Proxy Statement fails to disclose that Sagaliam did not file the required Form 10-Q for the first and second quarters of 2023.  Complaint ¶ 69.

34.     The October 20 Proxy Statement fails to disclose the relationship among Katheen, Travis and Ronnie Richardson or that the two co-trustees of BN Holdings (concerning Kathleen Richardson) own shares of Enzolytics.  Complaint ¶ 71.

35.     The October 20 Proxy Statement fails to disclose that any transaction or combination with Enzolytics would be a related party transaction.  Complaint ¶ 72.

36.     The October 20 Proxy Statement fails to disclose that Sagaliam had taken no steps to comply with Delaware law regarding related party transactions or with the requirements in Section 9.5 of the Amended and Restated Certificate, which requires a fairness opinion for a

combination with an affiliate (which Enzolytics is because of the ownership interest that members of the board and one of the BN Holding's trustees has in Enzolytics).  Complaint ¶ 70.

37.     The October 20 Proxy Statement fails to disclose that the issuance of shares to the Enzolytics Shareholders was without consideration and that the Enzolytics Shareholders had no right to receive any shares until the Closing of the Enzolytics transaction.  Complaint ¶ 73.

38.     On December 12, 2023, this Court entered an Order granting plaintiffs' motion for a preliminary injunction, having found that plaintiffs demonstrated a likelihood of success with respect to plaintiffs' First Claim for Relief (which alleged that the various misstatements and omissions outlined above rendered the October 20 Proxy Statement false and misleading under the 1934 Securities and Exchange Act) and irreparable injury.  Dkt. 36 at 2.  This Court enjoined Sagaliam from proceeding with the special shareholders meeting until it filed an amended proxy statement curing all of the misstatements and omissions identified in plaintiffs' first claim for relief.  *Id.*

39.     On December 11, 2023, several hours after the Court orally granted the motion for a preliminary injunction, Sagaliam filed a Form 8-K with the SEC, in which Sagaliam disclosed that, on December 5, 2023, the NASDAQ had entered various findings against Sagaliam, including with respect to its failure to seek shareholder approval prior to issuing shares to the Enzolytics Shareholders and the issuance of shares of the Enzolytics Shareholders being in violation of the Amended and Restated Certificate.  *See* Declaration of H. Peter Haveles, Jr., dated February 16, 2024, Ex. B.[6]  Sagaliam conceded that information from the Court,  GLD Partners and GLD Sponsor until after the Court's December 11, 2023 hearing had concluded.

---

[6]  On this motion, the Court may take judicial notice of Sagaliam's 8-K filling.  *See* this Memo at 6 n.3, *supra*.

## ARGUMENT

40.     Pleading standards are, by design, liberal to allow and encourage plaintiffs to seek redress for violations of their rights.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 557 (2007). On a motion to dismiss, the Court should "accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff." *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020); *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012). To survive a motion to dismiss, the plaintiff's pleadings must set forth only "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (citing *Twombly*, 550 U.S. at 566).

41.     A motion to dismiss can succeed only when the complaint completely fails to allege any set of facts in support of their claim.  *See Twombly*, 550 U.S. at 546.

## I.     The Second Claim For Relief States a Colorable Claim that Sagaliam Breached Its Duty to Disclose

42.     Sagaliam erroneously asserts the Second Claim of Relief fails to state a claim, even though that the gravamen of that claim is Sagaliam's breach of its duty to disclose.

43.     Sagaliam's sole argument against the second claim is that GLD Partners and GLD Sponsor have improperly pled a breach of fiduciary duty claim against Sagaliam on the ground that Sagaliam does not owe a fiduciary duty to its shareholders.  *See* Sagaliam Memo at 5-6. Sagaliam therefore contends that the absence of a fiduciary duty owed by the corporation eliminates the right to obtain a declaratory judgment that Sagaliam should be enjoined from disseminating a false and misleading proxy statement.  *Id.*  In making this contention, Sagaliam ignores plaintiffs' actual allegations in the Second Claim for Relief.

44.     GLD Partners and GLD Sponsor do not assert that Sagaliam breached its fiduciary duty.  Rather, they allege: "Sagaliam owes a duty to disclose, and Sagaliam's board of directors owe [*sic*] a fiduciary duty to its shareholders under the Delaware Corporation Law and common law."  Complaint ¶ 101.  In other words, GLD Partners and GLD Sponsor expressly differentiate between the duty owed by a corporation and a duty owed by the board of directors.  The breach of fiduciary duty allegation is directed solely at the board, and the allegation against Sagaliam refers only to a corporation's duty to disclose.

45.     Sagaliam ignores this distinction when discussing the Second Claim for Relief.  *See* Sagaliam Memo at 5.  Further, Sagaliam ignores the case law that specifically provides that a corporation, even though it may not owe a fiduciary duty to shareholders, nonetheless has a duty to make truthful disclosures and that the corporation breaches that duty when it makes false and misleading statements.  *Id.*

46.     Under Delaware law, a shareholder may assert a direct claim against the corporation when the false and misleading statements "impair[s] the stockholder's right to cast an informed vote . . . ."  *Hoch v. Alexander*, 2011 WL 2633722, at * 5 (D. Del. July 1, 2011) (quoting *Thornton v. Bernard Technologies, Inc.*, 2009 WL 426179, at * 3 (Del. Ch. Feb. 20, 2009)); *accord In re J.P. Morgan Chase & Co. Shareholder Litigation,* 906 A.2d 766, 772 (Del. 2006)).  Further, when the actions result in the loss or impairment of voting power, the shareholder is directly injured.  The shareholder therefore may bring a direct claim against the corporation in such a situation.  *See Gatz v. Ponsoldt*, 925 A.2d, 1265, 1278 (Del. 2006); *In re MultiPlan Corp. Stockholders Litigation*, 268 A.3d 784, 802-05 (Del. Ch. 2022); *see also Brookfield Asset Management, Inc. v. Rosson*, 261 A.3d 1251, 1266-67 (Del. 2021).

47.     The Amended Complaint sufficiently alleges that Sagaliam violated its corporate disclosure obligations by purposefully disseminating information that is false and misleading. Complaint ¶¶ 75-76, 103. Here, Sagaliam's omissions and false and misleading statements directly impact the ability of shareholders to determine how to vote with respect to the proposal to extend the Deadline Date. *Id*. ¶¶ 74, 78. Sagaliam has intentionally misled, and thus obstructed the rights of, the shareholders by virtue of its misstatements and omissions in the October 20 Proxy Statement regarding the (i) status of the Deadline Date, which was August 23, 2023 (ii) Sagaliam's purported extension of the Deadline Date from August 23 to November 23, 2023, (iii) Sagaliam's right to extend the Deadline Date, (iv) the Enzolytics Shareholders' possession of a controlling supermajority bloc of Sagaliam shares and (v) the Enzolytics Business Combination Agreement's status as a related party transaction.

48.     Further, Sagaliam's attack on the Second Claim for Relief is not supported by Sagaliam's reliance on *Buttonwood Tree Value Partners, L.P. v. R.L Polk & Co.*, 2014 WL 3954987, at *4 (Del. Ch. Aug. 7, 2014). *See* Sagaliam Memo at 5-6. That decision has no bearing on the claim asserted by GLD Partners and GLD Sponsor. In *Buttonwood*, the plaintiffs asserted a class action for damages against the corporation, among others. In its ruling, the Chancery Court recognized that a shareholder has a right to assert a claim for false and misleading disclosures, as discussed above in paragraph 46, 2014 WL 3954987, at *5 & n.41. The Chancery Court, however dismissed the plaintiffs' claim because the plaintiffs did not allege that the corporation had engaged in "legal or equitable fraud" and instead limited their allegations to claims arising under "the internal affairs doctrine, eschewing all other bases of relief." *Id.*[7] In sum, the *Buttonwood*

---

[7] The Chancery Court also noted that the plaintiffs could not pursue the claim, even assuming that they had pleaded fraud, because they had not shown "reasonable reliance". 2014 WL 3954987, at *5. Here, in contrast, because GLD Partners and GLD Sponsor are seeking only an injunction to prevent shareholders

decision does not bar GLD Partners and GLD Sponsor from prosecuting the Second Claim for relief given the claim's allegations regarding Sagaliam's legal and inequitable fraud.  *See* this Memo at 13, *supra*.

49.     Plaintiffs have alleged that Sagaliam breached its duty disclose and that the board of directors breached its fiduciary duty.  Those allegations are sufficient.  Further, the fact that the directors are not defendants in this action is of no consequence, as GLD Partners and GLD Sponsor seek only (i) a declaration that Sagaliam breached its duty by issuing the October 20 Proxy Statement with false and misleading statements and (ii) an injunction that the company may not proceed with a special shareholders meeting based on the October 20 Proxy Statement.  It is notable that Sagaliam does not contend that the directors are necessary parties and does not make a motion under Rule 19 requiring that the directors be joined in order for GLD Partners and GLD Sponsor to obtain the relief requested in the Second Claim for Relief.  Even if Sagaliam had sought such relief under Rule 19, such a motion (if successful) would not require dismissal of the claim for relief as opposed to joinder of the directors.  Moreover, assuming *arguendo* that Sagaliam had made such a motion under Rule 19, Sagaliam has not and cannot establish that the directors are indispensable parties.

## II.     The Third Claim States a Colorable Claim that Sagaliam May Not Extend the Expired Deadline Date or Convene a Shareholders Meeting to Do So

50.     Sagaliam contends that the third claim for relief must be dismissed because shareholders have been unfettered right to vote and to amend corporate charters.  Sagaliam's argument, however, is a red herring, and it has no bearing on either of the underlying allegations or the relief requested in the Third Claim for Relief.

---

from being deceived prospectively by the false and misleading disclosure made by Sagaliam, the issue of reliance therefore is not pertinent.

51.     The Third Claim for Relief seeks a declaratory judgment that Sagaliam may not convene a shareholders meeting to extend the deadline and an injunction in support of that declaration.  *See* Complaint ¶¶ 112-16.  The Third Claim for Relief is not directed at shareholders, and does not seek to enjoin or interfere with the right of shareholders to exercise their franchise. The claim seeks to enjoin only Sagaliam from disregarding its mandatory obligations to unwind it operations.  Thus, Sagaliam's assertion that plaintiffs may not interfere with the voting rights of shareholders does not address the claim pleaded in the Third Claim for Relief.

52.     For that same reason, the Sagaliam's reliance on the holding in *Manti Holdings, LLC v. Authentix Acquisition Co.*, 261 A.3d 1199, 1242 n.63 (Del. 2021 ), has nothing to do with the inability of a corporation to ignore the terms and restrictions set forth in a corporate charter. *See* Sagaliam Memo at 6-7.  The right of shareholders to amend a company's certificate of incorporation is not an issue here.   Nothing in *Manti Holdings* addresses a corporation's obligations under the corporate charter and the corporation's attempt to violate those terms. Indeed, the Delaware Supreme Court's observation supports the right of GLD Partners and GLD Sponsor to prosecute the Third Claim for Relief.  The court stated, in addressing the effect of a waiver provision in a stockholders agreement:

> The ordinary place for private ordering provisions that alter this balance is in the charter or bylaws.  Principles of corporate democracy support this preference.  If a private contract by and between all stockholders could override the charter and bylaws, that agreement would transform the corporate governance documents into gap-filling defaults and collapse the distinction between a corporation and alternative entities.

*Manti Holdings*, 261 A.3d at 1242-43 (footnotes omitted).  In other words, the Supreme Court highlighted the primacy of the corporate charter.  Since the Third Claim for Relief seeks to enforce the Amended and Restated Certificate and to require Sagaliam to comply with it, the Third Claim for Relief is consistent with the principles of corporate democracy.

53.     The Third Claim for Relief explicitly alleges that Sagaliam, by virtue of failing to make the required payments, allowed the Deadline Date lapse on August 23, 2023 and that Sagaliam therefore had a mandatory obligation to wind down the company's operations without any exception or delay.  Complaint ¶¶ 113, 116.  Consequently, Sagaliam had no right under the Amended and Restated Certificate to call a special shareholders meeting in order retroactively to override Sagaliam's failure to comply with the terms Section 9.1(b )of the Amended and Restated Certificate and was not entitled to seek a vote in November 2023 to revive and extend the expired Deadline Date to November 2024.  *Id.* ¶¶ 114, 115.  This action seeks to enforce against Sagaliam the terms of the Amended and Restated Certificate because Sagaliam because of Sagaliam's failure to make a payment by August 23, 2023.  Complaint ¶ 120.

54.     Section 9.1(b) of the Amended and Restated Certificate explicitly requires, without exception, that the payments must be made by the 23rd of each month.  Sagaliam's last timely payment occurred in July in connection with the extension of the deadline date to August 23, 2023. Further, as Sagaliam admits, Sagaliam did not make the payment due on August 23, 2023 until October 2, 2023 and never made the extension payments that were due on September 23, 2023 and October 23, 2023.  Austin Affidavit ¶ 9.

55.     Those undisputed facts mandated that Sagaliam begin to liquidate and wind down on August 24, 2023 pursuant Sections 4.3(d), 9.1(b) and 9.2(d) of the Amended and Restated Certificate.  Complaint ¶ 116, Ex. B at 5, 9-10.  The Amended and Restated Certificate did not grant Sagaliam the right to make the August 23 payment more almost six weeks late or to disregard the failure to make the September 23 and October 23 dates.

56.     Sagaliam's Amended and Restated Certificate is a contract among the corporation and its shareholders.  *See BlackRock Credit Allocation Income Trust v. Saba Cap. Master Fund,*

*Ltd.*, 224 A.3d 964, 977 (Del. 2020*); Hill International, Inc. v. Opportunity Partners L.P.*, 119 A.3d 30, 38 (Del. 2015) ("The bylaws of a Delaware corporation constitute part of a binding broader contract among the directors, officers and stockholders formed within the statutory framework of the Delaware General Corporation Law."); *Airgas, Inc. v. Air Product & Chemicals, Inc.*, 8 A.3d 1182, 1188 (Del. 2010) ("Corporate charters and bylaws are contracts among a corporation's shareholders").  Indeed, Delaware law is clear that "[c]ertificates of incorporation are regarded as contracts between the shareholders and the corporation, and are judicially interpreted as such." *Stream TV Networks, Inc. v. SeeCubic, Inc.*, 279 A.3d 323, 336 (Del. 2022) (citing *Alta Berkeley VI C.V. v. Omneon, Inc.*, 41 A.3d 381, 385 (Del. 2012)).  Sagaliam must comply with the terms of the Amended and Restated Certificate.

57.     Sagaliam contends that the Third Claim for Relief fails because it does not plead violation of any provision of the Delaware General Corporate Law.  *See* Sagaliam Memo at 7.  Yet, that argument is a red herring.  The case law is clear that a corporation has a duty to abide by its corporate charter.  No recitation of a statutory provision is necessary for a claim seeking to hold the corporation accountable for its breach of the corporate charter's terms.

58.     Sagaliam wrongly contends that the Third Claim for Relief is just a conclusory argument.  *See* Sagaliam Memo at 7.  Yet, the allegations in that claim as well as the predicate allegations in the Statement of Facts are very specific about the terms of the Amended and Restated Certificate and Sagaliam's failure to comply with those terms.  Complaint ¶¶ 32-37, 110-20.  Moreover, the Third Claim is explicitly based on the plain text of the Amended and Restated Certificate, which sets out the contractual terms governing the Deadline Date and Sagaliam's obligations once the Deadline Date has expired.  Complaint ¶¶ 17, 112, 116.

17

59.     As shareholders, GLD Partners and GLD Sponsor are entitled to seek a declaration and an injunction that require Sagaliam to abide by the obligations set forth in the Amended and Restated Certificate and not to take actions contrary to those terms.  The allegations in the Third Claim for Relief sufficiently seek such relief.  Accordingly, the motion to dismiss the Third Claim for Relief should be denied.

## **CONCLUSION**

60.     For the reasons set forth above, Sagaliam's motion should be denied in its entirety. However, in the event that the Motion to Dismiss be sustained in any part, plaintiffs should be granted leave to amend.

Dated:  February 16, 2024                    BELLEW LLC


                                            By: _/s/Sean J. Bellew_____
                                            Sean J. Bellew #4072
                                            2961 Centerville Road
                                            Suite 302
                                            Wilmington, Delaware 19808
                                            (302) 3535-4951

                                            AKERMAN LLP
                                            H. Peter Haveles, Jr (admitted pro hac vice);
                                            Donald N. David (admitted pro hac vice);
                                            1251 Avenue of the Americas
                                            37th Floor
                                            New York, New York 10020
                                            (212) 880-3800

                                            *Attorneys for Plaintiffs*