# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **GLD PARTNERS, L.P., and GLD SPONSOR MEMBER LLC,** | : | C.A. No. 1:23-cv-01266-RGA |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **SAGALIAM ACQUISITION CORP.** | : | |
| | : | |
| Defendant. | : | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S
## MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' AMENDED COMPLAINT

    Respectfully Submitted,

*/s/ Antranig Garibian*

_____
By: Antranig Garibian, Esq. (DE Bar No. 4962)
Garibian Law Offices, P.C.
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE  19803
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Defendant, Sagaliam Acquisition Corp.*

i

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ **iii**

**I.     PLAINTIFFS' OPPOSITION DISCUSSES THE WRONG *BUTTONWOOD* DECISION AND OFFERS NO BASIS FOR THE SECOND CLAIM FOR RELIEF TO SURVIVE DISMISSAL.** ............................................................................................. 1

**II.    SAGA'S SHAREHOLDERS CANNOT BE DEPRIVED OF THE OPPORTUNITY TO AMEND SAGA'S CERTIFICATE OF INCORPORATION.** .................................. 2

**III.   CONCLUSION** ................................................................................................................. 4

# TABLE OF AUTHORITIES

**Cases**

*Brookfield Asset Management, Inc. v. Rosson*, 261 A.3d 1251 (Del. 2021)......................................2

*Cont'l Ins. Co. v. Rutledge & Co., Inc.*, 750 A.2d 1219 (Del. Ch. 2000) ...........................................4

*Gatz v. Ponsoldt*, 925 A.2d 1265 (Del. 2006)....................................................................................2

*Hoch v. Alexander,* 2011 U.S. Dist. LEXIS 71716 (D. Del. July 1, 2011).......................................2

*In re J.P. Morgan Chase & Co. Shareholder Litigation*, 906 A.2d 766 (Del. 2006) ........................2

*In re MultiPlan Corp. Stockholders Litigation*, 268 A.3d 784 (Del. Ch. 2022)................................2

*S'holder Representative Servs. Llc v. Hpi Holdings*, 2023 Del. Ch. LEXIS 274 (Ch. Apr. 26, 2023)
    ............................................................................................................................................4

**Statutes**

28 U.S.C. § 2201................................................................................................................................3

8 Del. C. §242 ....................................................................................................................................3

I. **PLAINTIFFS' OPPOSITION DISCUSSES THE WRONG *BUTTONWOOD* DECISION AND OFFERS NO BASIS FOR THE SECOND CLAIM FOR RELIEF TO SURVIVE DISMISSAL.**

As set forth in SAGA's motion to dismiss, the Delaware Chancery Court's December 29, 2023 decision in *Buttonwood Tree Value Partners, Ltd. P'ship v. R.L. Polk & Co., Inc.,* No. 9250-VCG, 2023 Del. Ch. LEXIS 657 (Ch. Dec. 29, 2023) establishes that under Delaware law, SAGA does not owe Plaintiffs a duty to disclose. Curiously, Plaintiffs' opposition focuses exclusively on the **August 7, 2014** decision in *Buttonwood Tree Value Partners, Ltd. P'ship v. R.L. Polk & Co., Inc.* without even referencing – let alone discussing - the **December 29, 2023** decision – which was the basis for SAGA's argument. Instead of addressing it, Plaintiffs simply ignored the case law which establishes that SAGA does not owe Plaintiffs a duty to disclose.

In *Buttonwood,* the Court of Chancery rejected what Plaintiffs are doing here – which is to attempt to distinguish between the "duty to disclose" and a "fiduciary duty" (Dkt. 43, ¶44). As stated by the Court of Chancery, under Delaware law, the "duty to disclose" (to the extent it even exists) arises out of the existence of a fiduciary duty – which a corporation *does not owe* to its shareholders. *Buttonwood Tree Value Partners, Ltd. P'ship v. R.L. Polk & Co., Inc.,* No. 9250-VCG, 2023 Del. Ch. LEXIS 657, at *17 (Ch. Dec. 29, 2023) (dismissing plaintiff's duty to disclose claim against a corporation).

As if that were not enough, not one case in Plaintiffs' brief supports the claim that SAGA owes Plaintiffs a duty to disclose. In fact, the cases deal with an entirely different issue - whether shareholder claims against directors and officers are *direct* or *derivative*. Plaintiffs conflate the use of the term "direct" in the context of shareholder claims (i.e., whether those claims are "direct" or "derivative") with the issue here, whether a corporation (SAGA) owes a direct duty to disclose to

its shareholders. *Hoch v. Alexander* was a suit brought by a shareholder against Qualcomm's board of directors and certain senior officers for violations of the securities laws - *not* a claim against a corporation. *Hoch v. Alexander,* No. 11-217, 2011 U.S. Dist. LEXIS 71716, at *2 (D. Del. July 1, 2011) (dismissing plaintiff shareholder's direct claims and allowing the derivative claims against the individual defendants to proceed). *In re J.P. Morgan Chase & Co. Shareholder Litigation*, 906 A.2d 766, 772 (Del. 2006)) involved claims against individual company directors for breaches of fiduciary duties – *not* a claim against a corporation. *Gatz v. Ponsoldt*, 925 A.2d 1265, 1278 (Del. 2006) discussed whether certain corporate overpayment claims can be both derivative and direct in nature – and did *not* involve a claim against a corporation. Lastly, *In re MultiPlan Corp. Stockholders Litigation*, 268 A.3d 784, 802-05 (Del. Ch. 2022) and *Brookfield Asset Management, Inc. v. Rosson*, 261 A.3d 1251, 1266-67 (Del. 2021) analyzed whether shareholder claims against officers were derivative or direct. Neither case involved direct claims against a corporation or discussed whether a corporation owes a duty to disclose to a plaintiff shareholder.

Plaintiffs' opposition brief offers nothing to rebut the fact that SAGA does not owe Plaintiffs a duty to disclose under Delaware law. As a result, Plaintiffs' Second Claim for Relief fails to state a claim upon which relief can be granted and should be dismissed.

**II.    SAGA'S SHAREHOLDERS CANNOT BE DEPRIVED OF THE OPPORTUNITY TO AMEND SAGA'S CERTIFICATE OF INCORPORATION.**

Plaintiffs' Third Claim for relief seeks to prevent SAGA's shareholders from meeting to amend SAGA's certificate of incorporation. This request has no legal basis. Plaintiffs state that the Third Claim for Relief "does not seek to enjoin or interfere with the right of shareholders to exercise their franchise" (Dkt. 43, ¶51) – yet this is *exactly* what Plaintiffs seek to do. Plaintiffs baldly assert that "the right of shareholders to amend a company's certificate of incorporation is not an issue here" (Dkt. 43, ¶52) – when that is *precisely* what is at issue. Plaintiffs' arguments are at odds with

the plain language of the Third Claim for Relief (D.I. 35, ¶¶110-121), which asks the Court to declare that SAGA has *no right* to seek an extension of the Deadline Date (D.I. 35, ¶120(iv)):

> 120. Pursuant to 28 U.S.C. § 2201, GLD Sponsor and GLD Partners are entitled a declaratory judgement that: (i) Sagaliam failed to exercise the right to extend the Deadline Date before its expiration on August 23, 2023; (ii) the Deadline Date lapsed on August 23, 2023; (iii) the Deadline Date cannot be revived; ***(iv) Sagaliam no longer has any right to seek an extension of the Deadline Date***; and (v) Sagaliam may not seek a vote of the shareholders at the November 21, 2023 special meeting to extend the Deadline Date to November 23, 2024.

D.I. 35, ¶120 (emphasis added).

Plaintiffs' professed desire to "enforce the Amended and Restated Certificate" and to "require Sagaliam to comply with it" is a straw man argument. SAGA does not wish to *breach* the certificate of incorporation. On the contrary, SAGA simply wishes to preserve the ability of the shareholders to consider amending the certificate of incorporation and extending the Deadline Date so that the certificate is *not* violated. Plaintiffs – without any legal basis - seek to prevent that from happening. By asking the Court to prohibit SAGA's shareholders from even considering amending the certificate of incorporation and extending the Deadline Date (as Plaintiffs recognize they have done previously), Plaintiffs *do* seek to disenfranchise SAGA's shareholders (presumably due merely to the fact that Plaintiffs oppose extending the Deadline Date).

Plaintiffs blithely dismiss – but do not deny - SAGA's observation that the Third Claim for Relief does not plead a violation of any provision of the Delaware General Corporate Law. Instead, Plaintiffs double down on their conclusory claims that an amendment cannot be considered merely because the Deadline Date expired – without any legal authority to support their argument. As stated in SAGA's motion, Plaintiffs' requested declaration ignores the letter and spirit of corporate democracy and would be contrary to the Delaware Supreme Court's holding in *Manti Holdings* and of 8 Del. C. §242 regarding the right of shareholders' to amend a certificate of incorporation.

Finally, Plaintiffs' reference to contract law actually supports SAGA's motion to dismiss. If a certificate of incorporation is a contract between the shareholders and a corporation, Plaintiffs offer no authority that SAGA's shareholders cannot meet to consider amending that contract. Delaware law permits parties to enter into contractual amendments that are supported by consideration. *S'holder Representative Servs. Llc v. Hpi Holdings*, No. 2022-0166-PAF, 2023 Del. Ch. LEXIS 274, at *11-12 (Ch. Apr. 26, 2023) (*citing Cont'l Ins. Co. v. Rutledge & Co., Inc.*, 750 A.2d 1219, 1232 (Del. Ch. 2000)).

### III.   CONCLUSION

For the foregoing reasons and for the reasons set forth in the original motion to dismiss, SAGA respectfully requests that this Court grant its motion for partial dismissal of Plaintiffs' Amended Complaint.

      Respectfully Submitted,

_____
By: Antranig Garibian, Esq. (DE Bar No. 4962)
Garibian Law Offices, P.C.
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE  19803
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Defendant, Sagaliam Acquisition Corp.*