IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLD PARTNERS, L.P., and GLD SPONSOR MEMBER LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SAGALIAM ACQUISITION CORP.,<br><br>Defendant. | Civil Action No. 23-1266-RGA |

MEMORANDUM ORDER

Before me is Defendant's motion for partial dismissal of Plaintiffs' Amended Complaint. (D.I. 35). I have considered the parties' briefing. (D.I. 40, 43, 45). For the reasons set forth below, Defendant's motion is GRANTED IN PART and DENIED IN PART.

I.  **BACKGROUND**

Plaintiffs are shareholders of Defendant, which is a special purpose acquisition company. (D.I. 35 ¶¶ 1, 6). Defendant's Amended and Restated Certificate of Incorporation directs Defendant to complete an initial business combination by a particular deadline date. (*See* D.I. 35-2 at 8–9 of 14). Otherwise, Defendant must "cease all operations except for the purpose of winding up." (*Id.* at 11 of 14). An extension permitted Defendant to extend the deadline date through October 23, 2023, by making monthly payments to a trust account. (*See* D.I. 35-3).

Plaintiffs filed their original Complaint against Defendant on November 7, 2023. (D.I. 1).[1] Plaintiffs contend that Defendant made its last monthly payment on July 23, 2023, and failed to extend the deadline beyond August 23, 2023. (D.I. 35 ¶¶ 32–33).

---

[1] Plaintiffs filed their Amended Complaint on December 6, 2023. (D.I. 35).

1

In October 2023, Defendant issued a proxy statement to notify shareholders of a special meeting to be held on November 21, 2023. (D.I. 35-1 at 7 of 52). The proxy statement explained that shareholders would be asked to vote on an amendment extending the deadline date to November 23, 2024. (*Id.*). The proxy statement asserts that Defendant had "until November 23, 2023 to consummate our initial business combination." (*Id.*). Plaintiffs contend that the proxy statement contains false and misleading statements. (*See* D.I. 35 ¶¶ 64–74).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

### A. Count II

Defendant argues that Count II of Plaintiffs' Amended Complaint fails to state a claim under Delaware law because Defendant does not owe a duty to disclose to its shareholders. (D.I. 40 at 5). Defendant contends that any duty to disclose arises out of a fiduciary duty, but that corporations do not owe fiduciary duties to shareholders. (*Id.*).

Plaintiffs argue that Defendant ignores the allegations in the Amended Complaint. (D.I. 43 at 11). Plaintiffs contend they "do not assert that [Defendant] breached its fiduciary duty." (*Id.* at 12). Plaintiffs instead contend that Defendant breached its duty to disclose. (*Id.*).[2] Plaintiffs argue that "a corporation, even though it may not owe a fiduciary duty to shareholders, nonetheless has a duty to make truthful disclosures and . . . breaches that duty when it makes false and misleading statements." (*Id.*). Plaintiffs contend that the Amended Complaint sufficiently states a claim because it alleges that Defendant made omissions, along with false and misleading statements, regarding the status of the deadline date, Defendant's purported extension of the deadline date, Defendant's right to extend the deadline, and more. (*Id.* at 13).

---

[2] Plaintiffs contend it is irrelevant that the directors are not defendants in this action. (D.I. 43 at 14). Plaintiffs contend they "seek only (i) a declaration that [Defendant] breached its duty by issuing the October 20 [p]roxy [s]tatement with false and misleading statements and (ii) an injunction that the company may not proceed with a special shareholders meeting based on the October 20 [p]roxy [s]tatement." (*Id.*).

3

In its reply, Defendant argues that Plaintiffs rely on inapposite case law that addresses whether shareholder claims are direct or derivative, not whether Defendant owes a duty to disclose to Plaintiffs. (D.I. 45 at 1).

I agree with Defendant that Plaintiffs fail to state a claim in Count II of the Amended Complaint. Plaintiffs have sued a corporation, not individuals on the corporation's board of directors. As the Court of Chancery has explained, "To the extent there is a duty to fully disclose information when requesting stockholder action, that duty arises from a fiduciary relationship." *Buttonwood Tree Value Partners, L.P. v. R. L. Polk & Co.*, 2023 WL 9053173, at *7 (Del. Ch. Dec. 29, 2023). A corporation, however, "does not owe fiduciary duties to its stockholders." *Id.* (citation omitted); *see also Arnold v. Soc'y for Sav. Bancorp, Inc.*, 678 A.2d 533, 539 (Del. 1996); *In re Wayport, Inc. Litig.*, 76 A.3d 296, 322–23 (Del. Ch. 2013). "That is not to say that a corporation owes no duty or can never be held liable under Delaware law if it promulgates false and misleading disclosures to its shareholders." *In re Dataproducts Corp. S'holders Litig.*, 1991 WL 165301, at *6 (Del. Ch. Aug. 22, 1991). Yet, to state a cognizable claim, Plaintiffs must predicate their claim about disclosure duties on a theory of legal or equitable fraud.

> Legal (i.e., common law) fraud requires (1) a false representation (usually of fact) by the defendant, (2) the defendant's knowledge or belief that the representation was false or made with reckless indifference to the truth, (3) an intent to induce the plaintiff to act or refrain from acting, (4) the plaintiff's action or inaction taken in justifiable reliance upon the representation, and (5) damage to the plaintiff as a result of such reliance. Equitable fraud requires a showing of those same elements, except for element (2). That is, in equity the defendant does not have to know or believe that his statement was false or have acted in reckless disregard of the truth. Rather, equitable fraud can be founded upon a negligent or an innocent misrepresentation.

*Id.* at *7 (citing *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983)).

Here, although Plaintiffs argue that they have sufficiently pleaded "legal and equitable fraud," the Amended Complaint does not include the words "fraud," "legal

4

fraud," or "equitable fraud." (*See generally* D.I. 35). "This 'labeling' omission is not, of itself, fatal." *In re Dataproducts*, 1991 WL 165301, at *7. I conclude, however, that there is no factual support in Count II for at least one element of fraud: justifiable reliance by the plaintiff. Plaintiffs have not pleaded action (or inaction) in justifiable reliance on Defendant's representation. Count II of the Amended Complaint merely alleges that the purportedly false and misleading statements "will cause the upcoming vote at the special meeting to be improperly influenced." (D.I. 35 ¶ 103). That vote has not occurred. I therefore GRANT Defendant's motion to dismiss with respect to Count II.

### B. Count III

Defendant argues that Count III of the Amended Complaint is "incompatible with Delaware law" to the extent that Plaintiffs seek a declaration that shareholders "have no right to amend [Defendant's] certificate of incorporation and extend the [d]eadline [d]ate." (D.I. 40 at 6). Defendant contends, "Plaintiffs' requested declaration would have this Court prevent the stockholders from doing precisely what the Delaware Supreme Court has said that shareholders *should* do—control their own destiny." (*Id.* at 7). Defendant argues that prohibiting shareholders from even considering whether to amend the certificate of incorporation "is inconsistent with corporate democracy." (*Id.*).

Plaintiffs argue that Count III "does not seek to enjoin or interfere with the right of shareholders to exercise their franchise." (D.I. 43 at 15). Plaintiffs instead contend they only seek to enjoin Defendant from ignoring "its mandatory obligations to unwind it[s] operations" in light of its purported failure to make extension payments after July 2023. (*Id.* at 15–16). Plaintiffs argue their requested relief is consistent with principles of corporate democracy because the Amended Complaint merely seeks to enforce the terms of the certificate of

incorporation. (*Id.* at 15). Plaintiffs contend that the certificate "did not grant [Defendant] the right to make the August 23 payment [] almost six weeks late or to disregard the failure to make the September 23 and October 23 dates." (*Id.* at 16). In other words, Plaintiffs argue that the certificate of incorporation is a contract, and that they are seeking to hold Defendant accountable for breaching the terms of that contract. (*Id.* at 16–17).

In reply, Defendant argues that Plaintiffs' briefing is at odds with the language in the Amended Complaint, which asserts that Defendant "no longer has any right to seek an extension of the [d]eadline [d]ate." (D.I. 45 at 3 (quoting D.I. 35 ¶ 120)). Defendant contends that Count III does not plead any violations of any provisions of the Delaware General Corporate Law. (*Id.*). Defendant further argues, "If a certificate of incorporation is a contract between the shareholders and a corporation, Plaintiffs offer no authority that [Defendant's] shareholders cannot meet to consider amending that contract." (*Id.* at 4).

I disagree with Defendant that Count III of the Amended Complaint seeks "a wholesale prohibition of [Defendant's] shareholders' right to even consider amending [the] certificate of incorporation." (D.I. 40 at 7). Count III alleges that Defendant (1) failed to make monthly payments that would have continued to extend the deadline date, and (2) subsequently attempted to hold a vote for a further extension instead of winding down operations in accordance with the certificate of incorporation. (*See* D.I. 35 ¶¶ 110–21). In other words, Plaintiffs allege that Defendant violated the terms of the certificate. *See Stream TV Networks, Inc. v. SeeCubic, Inc.*, 279 A.3d 323, 336 (Del. 2022) ("Certificates of incorporation are regarded as contracts between the shareholders and the corporation, and are judicially interpreted as such." (citation omitted)).

That is different than alleging shareholders cannot amend a certificate of incorporation at all.[3] I therefore DENY Defendant's motion with respect to Count III of the Amended Complaint.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART.  Count II of the Amended Complaint is hereby dismissed without prejudice.

IT IS SO ORDERED.

Entered this 8th day of July, 2024

_____
United States District Judge

---

[3] Defendant does not cite to any authority supporting the proposition that shareholders may undo a violation of a corporation's certificate of incorporation by voting to amend the certificate. (*See generally* D.I. 40 at 6–7; D.I. 45 at 2–4).